### OGLESBY and others v. ATTRILL.

*(Circuit Court, E. D. Louisiana. February, 1882.)*

1. EQUITY PLEADING AND PRACTICE—AMENDMENTS.

   If an amendment have the effect of making a new case, or if it makes a case inconsistent with the position of the complainants in the suit at law where they are seeking a new trial, a motion to take such amendment from the files is a proper one, and will be allowed.

2. SUBSTITUTED SERVICE.

   There can be no doubt of the propriety of substituted service when a bill is brought to obtain a new trial of a cause at law in the same court.

   *Minnesota v. St. Paul,* 2 Wall. 633.

3. REVIEW BY ANOTHER CIRCUIT JUDGE.

   A decision in a case rendered by one judge of a circuit court is not open for review by any other judge sitting in the same court and in the same case.

   *Cole Silver Min. Co v. Virginia, etc., Co.* 1 Sawy. 685, 689.

Motion to take Amended Bill from the Files.

*Richard De Gray, Robert Mott,* and *Henry B. Kelly,* for complainants.

*Thomas J. Semmes,* for defendant.

PARDEE, C. J. The original bill, in its widest scope, is a bill to impeach a judgment rendered at law, and to procure a new trial in the case where the judgment was rendered. It was only for such a bill that substituted service was ordered by the court. It is only for such a bill that the defendant is before the court.

Under leave obtained from the court complainants have amended their bill by setting up matters not pertinent to the question of a

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

new trial or to the impeachment of the judgment rendered, but tending to charge the defendant, as trustee for the complainants, for a large amount of gas stock, the sale of which constituted the cause of action in the case at law wherein the new trial is sought.

Counsel for defendant moves to take the amendment from the files on the grounds (1) of the limited appearance of the defendant, and the limited jurisdiction of the court over the defendant; (2) because the amendment makes a new case. The motion is a proper one, (see 1 Daniell, Ch. 426,) and I think the last ground well taken. The first clause of amendment made can have no effect unless it be to charge the defendant as trustee, and to give it that effect would be to make a new case. Besides, an inspection of the record shows that it makes a case inconsistent with the position of complainants in the suit at law, where they are seeking a new trial. In that case they sued for damages growing out of the alleged fraudulent sale of the gas stock, which to that extent was an affirmance of the sale. *Miller* v. *Barber*, 66 N. Y. 564. See *Stevenson* v. *Newnham*, 76 E. C. L. 297.

Solicitor for defendant also moves the court that the substituted service of process heretofore made in this case be set aside and annulled. I have examined the record, and I find that this question has been passed upon and adjudicated by the district judge sitting in this court in the early stage of this case. 12 FED. REP. 227. This decision is not open for review to any other judge sitting in this court in the same case. See *Cole Silver Min. Co.* v. *Virginia, etc., Co.* 1 Sawy. 685, 689. Besides, the decision seems to be well supported by the language of the supreme court in the case of *Minnesota* v. *St. Paul,* 2 Wall. 633, where it is said:

"Yet this court has decided many times that when a bill is filed in the circuit court to enjoin a judgment of that court, it is not to be considered as an original bill, but as a continuation of the proceeding at law; so much so that the court will proceed in the injunction suit without actual service of subpœna on the defendant, and though he be a citizen of another state, if he were party to the judgment at law."

If this be the practice where a bill is brought to enjoin a judgment, what doubt can there be as to the propriety of substituted service when a bill is brought to obtain a new trial of a cause at law in the same court?

It seems to me that the motion of defendant to take the amendment from the files, should be allowed so far as the first clause of complain-

ants' amendment of date January 2, 1882, is concerned, and that otherwise the amendment may stand; the defendant to plead, answer, or demur on or before the rule-day in March; the complainants to pay the costs of this rule.   And it is so ordered.