## In re WEINSTEIN.*

### (District Court, S. D. New York. April 1, 1920.)

**Searches and seizures ☞5—Court held without jurisdiction to order return of papers.**

A District Court is without jurisdiction in a summary proceeding to order the return of books and papers unlawfully seized from petitioner by officers of the United States, to be used in aid of deportation, or other administrative proceedings against him, over which the court has no regulatory power.

At Law. Rule issued on application of Gregory Weinstein against Francis G. Caffey, District Attorney, and others. On objections to jurisdiction of court. Objections sustained, and rule discharged.

This is a proceeding begun by rule issued out of the District Court, directing the United States Attorney for the Southern District of New York, John E. Hoover, Deputy Attorney General of the United States, Byron N. Uhl, Acting Commissioner of Immigration, Augustus N. Schell, Inspector of Immigration, and Charles K. Scully, Acting Chief of the Bureau of Investigation of the Department of Justice, to show cause before the District Court why they should not return to the petitioner certain books and papers described in the affidavits. It provided that service of a copy of the order on the United States Attorney should be sufficient. Service was effected on the United States Attorney, John E. Hoover, and Augustus N. Schell. On the return day, the District Attorney appeared specially, on behalf of all three respondents served, to object to the jurisdiction of the court over the application.

The affidavits on which the rule was granted show that the petitioner was taken in custody on January 5, 1920, by the agents of the Bureau of Investigation of the Department of Justice under a warrant of arrest; that he was taken to the office of the Department of Justice in New York City, and examined, and then to Ellis Island, where he was kept in close confinement, without being allowed any communication with persons outside. From this restraint he was released by order of this court on January 8, 1920. While in such custody, certain agents of the Department of Justice by threats and compulsion forced their way into his apartment without search warrant or other authority, and took possession of certain of his books, letters, and papers. On the 28th of February, 1920, at a hearing at Ellis Island (the character of which is not stated, but which was presumably to inquire as to his deportation), a letter so taken illegally from his possession was produced by the respondent Hoover and offered in evidence. This, with other of the documents seized, the petitioner alleges are in the possession or custody of the agents of the Department of Justice under the direction of the respondent Hoover, or in the custody of the Commissioner of Immigration, or his subordinates.

Charles Recht, of New York City, for the motion.
Francis G. Caffey, U. S. Atty., of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). For the purpose of this motion the allegations must be taken

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Order affirmed 271 Fed. 673.

as true. Therefore the seizure of the petitioner's papers was without warrant and in defiance of his most fundamental constitutional rights. The seizure must also be taken as directed by the Department of Justice and under the immediate control of a Deputy Attorney General. If papers so seized came into the possession of the District Attorney or other public officer for the purposes of a criminal prosecution, since Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, upon such a preliminary application they would have to be returned, and if the application were denied they would be incompetent evidence on the trial. Silverthorne Lumber Co. v. U. S., 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319, decided January 26, 1920, went further, and held that the prosecuting officers might not make any use whatever of evidence so obtained. Neither case touches the question whether a summary proceeding will lie against a public officer acting in aid of an administrative inquiry over which the court has no regulatory jurisdiction.

That deportation proceedings are administrative is of course now well settled. Japanese Immigration Cases, 189 U. S. 86, 23 Sup. Ct. 611, 47 L. Ed. 721; U. S. v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040. Such power as the District Court has is by habeas corpus, which reviews only the legality of the final restraint (U. S. v. Sing Tuck, 194 U. S. 161, 24 Sup. Ct. 621, 48 L. Ed. 917), and then only to see whether the discretionary powers granted have been honestly used, or exceeded (Low Wah Suey v. Backus, 225 U. S. 460, 32 Sup. Ct. 734, 56 L. Ed. 1165; Gegiow v. Uhl, 239 U. S. 3, 36 Sup. Ct. 2, 60 L. Ed. 114). It is of course fundamental in English law that no official gains any immunity from ordinary legal process by virtue of his office. When he steps outside his powers he becomes subject to the usual remedies granted against any wrongdoer. Thus the officers here in question are subject to actions in trespass, quite as though the Deputy Attorney General had no official status. But this will not serve the petitioner; he wishes, not to invoke ordinary legal procedure, but to subject public officers to an extraordinary procedure from which wrongdoers are generally exempt. To do so I think he must either point to some express statutory right, or he must be able to show that the relief he asks is incidental to an inquiry, actually or prospectively, justiciable in the court to which he has recourse.

There is confessedly no express statutory authority, so the question resolves itself into this: Is the return of the papers an incident to the legal conduct of an inquiry justiciable in this court? Certainly it is not such in the first instance; on the contrary, the deportation proceeding is, as I have said, administrative. That it may eventually come within the jurisdiction of this court is true, but even then only to the extent of seeing whether the officials have only exercised powers granted by law. This court may not attempt any regulation of those proceedings while they last, unless perhaps it appears that the relator is not being restrained for purpose of deportation at all. It seems to me, therefore, that the sole warrant for similar applications in other cases is absent; i. e., this is not a part of the prosecution of an inquiry

over which the District Court has any jurisdiction, or indeed over which it may ever have jurisdiction.

So far as I can find, such applications have generally been treated as incidental to criminal prosecutions, either actually or prospectively, pending in the court to which they are made. This was true in U. S. v. McHie (D. C.) 194 Fed. 894; U. S. v. Friedberg (D. C.) 233 Fed. 313; U. S. v. Mills (C. C.) 185 Fed. 318; U. S. v. Maresca (D. C.) 266 Fed. 713; In re Chin K. Shue (D. C.) 199 Fed. 282. Judge Dodge had before him a seizure made by revenue officers preparatory apparently to forfeiture. It might be supposed that such an application would have been granted, but he held that, as the officers were not officers of the court within section 268 of the Judicial Code (Comp. St. § 1245), no summary jurisdiction existed. Such an application has been held to be in the stricter sense interlocutory. Coastwise, etc., Co. v. U. S., 259 Fed. 847, 170 C. C. A. 647. But, even if it were not, it is certainly in substance incidental to the larger inquiry in support of which the evidence was seized.

Of course the chief importance of the motion arises, not from the petitioner's desire to recover the property seized, but to lay what he conceives to be a necessary foundation for the objection on the deportation inquiry to the use of any documentary evidence so obtained. Since Adams v. N. Y., 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575, it has been the rule that in the midst of the trial of an indictment, and before a common jury, the question will not be tried out of the illegal seizure of documents which the prosecution offers in evidence. This distinction has been specifically recognized in Weeks v. U. S., 232 U. S. 383, 390, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, and Silverthorne Lumber Co. v. U. S., supra, and indeed without it scarcely any prosecution could be successful. The contrary practice would involve two trials in one; the first, of the prosecuting authorities for their conduct in obtaining the evidence; the second, of the defendant upon the indictment. The least actual acquaintance with jury trials must satisfy any one of the necessity of the purely procedural distinction which these cases establish.

If, however, this petitioner has no power by preliminary application, either here or before the Department of Labor, to obtain a return of the documents wrongfully seized, and if the trial be before officials who can successfully separate the issues, and decide first on the legality of the seizure, and then upon the effect of the evidence, there seems to me no reason why any such procedural necessity should exist. The decision of the deportation authorities upon those questions could be reviewed upon habeas corpus to the same extent as their other decisions. Of course, this is not the place in which the question can be authoritatively decided, how an alien may successfully object to the admission of such evidence before the deporting tribunal. Unfortunately, I have not the power to insure the petitioner that this proceeding is unnecessary. Yet this inevitable uncertainty as to his rights is not an excuse for taking a first wrong step.

The rule to show cause is discharged.