### UNITED STATES v. LYDECKER et al.

(District Court, W. D. of New York. August 2, 1921.)

No. 2510.

1. **Criminal law ⚖️517(1)—Confession admissible only where voluntarily given.**

A confession may be used as evidence against the defendant where freely and voluntarily given by defendant with knowledge that he was not required to so do, but cannot be used as evidence where procured by intimidation, promises of leniency, force, and duress, the extortion of a confession by such means being violative of defendant's constitutional rights.

2. **Criminal law ⚖️532(1)—Confession not returned to defendant or suppressed before trial.**

A confession will not be returned to defendant or suppressed before trial on theory that it was extorted from him in violation of his constitutional rights, the voluntary or involuntary character of the confession depending upon facts to be ascertained at the time of the trial.

3. **Criminal law ⚖️518(1)—That defendant was not warned did not render confession inadmissible.**

A confession if voluntary is admissible although defendant was not warned or advised that he had the right to remain silent.

4. **Criminal law ⚖️531(2), 736(2)—Evidence admissible to show confession involuntary; voluntary character of confession a jury question.**

That confession was made to officer while defendant was in custody, without the aid of counsel or drawn out by cross-questioning by officers assisted by Pinkerton detectives, and that defendant was confined in police station and on the following day was requestioned, were matters bearing on voluntary character of confession and all facts and circumstances are to be taken into account on this view of the government's denials did not render the confession involuntary as a matter of law.

5. **Criminal law ⚖️781(5)—Court, having admitted confession claimed to have been involuntarily made, should submit the question to jury, with direction to disregard it if involuntary.**

The court, having admitted defendant's confession as against contention that it was involuntarily made, should submit the question to the

jury, with the direction to disregard it if upon the entire evidence they are satisfied it was not a voluntary act of the accused.

**6. Criminal law ☞627½—When defendant will be permitted to inspect grand jury minutes.**

Inspection of grand jury minutes should only be had where it clearly appears that the indictment was found solely upon incompetent or illegal evidence, or in willful disregard of the accused's rights.

**7. Searches and seizures ☞7—Intent to waive constitutional rights against illegal seizure must be shown by clear and positive testimony.**

The intent to waive constitutional freedom from search and seizure must be shown to have been intended by clear and positive testimony.

**8. Searches and seizures ☞5—Illegally seized papers and documents returned to defendant.**

Books and papers, illegally seized from defendant's custody by post office inspector in violation of the Constitution guaranteeing freedom from search and seizure, will be returned to the defendant on his application therefor before trial.

**9. Criminal law ☞395—Evidence obtained from illegally seized papers not admissible.**

Testimony, obtained by the government from papers and documents illegally seized from defendant in violation of his constitutional right, will not be admitted.

Ralph B. Lydecker and Chauncey E. Weir were indicted, and the former petitions to require the United States to show cause why the indictment should not be quashed. Denied, but papers seized ordered returned.

Francis E. Kerwin, Assistant United States Attorney, of Buffalo, N. Y.

Frank C. Ferguson, and Andrew B. Gilfillan, both of Buffalo, N. Y., for petitioner.

HAZEL, District Judge. On the petition of the defendant Lydecker the United States was required to show cause why the indictment against the defendants should not be quashed on the ground: First, that books and papers were illegally seized from the custody of the petitioner by Post Office Inspector Mulherin; and, second, that an incriminating confession was extorted from him prior to his arrest. It is demanded that the illegally seized papers and documents, together with the confession, should be returned to the petitioner, or the confession suppressed, and inspection of the grand jury minutes had by the defendants.

The affidavit of the petitioner tends to show that a confession or written admission of a conspiracy to defraud the United States, signed by him, was procured by intimidation, promises of leniency, force, and under duress, in violation of his constitutional rights, and that such confession and seizure of papers was and is the basis of the indictment.

It is claimed that the affidavits in opposition show that the petitioner confessed and admitted his participation in the fraud of the United States freely and voluntarily, without any threats or promises to induce the confession.

[1] If the petitioner's version of the restraint and cross-questioning and promises is true, his constitutional rights unquestionably were

flagrantly violated. There is no doubt that when a defendant freely and voluntarily confesses or admits his complicity in crime, with knowledge that he is not required to do so, his confession and admissions may be used as evidence against him. The paramount question always is whether a defendant freely and voluntarily confessed or admitted his crime or participation therein.

[2] On the theory that the moving affidavits disclose a violation of petitioner's constitutional rights it is insisted that under the doctrine of Silverthorne Lumber Co. v. U. S., 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319, Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, Adams v. N. Y., 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575, Wiggins v. U. S. (C. C. A.) 272 Fed. 41, and Gouled v. U. S., 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. ——, the confession must be returned to the petitioner or suppressed before trial. But the authorities cited do not so hold. In them the court dealt with the unlawful seizure of books and papers or other subjects of evidence illegally taken, but they do not, either expressly or by implication, require the return of a signed confession, even though made in violation of constitutional rights. Although it is true that seizing one's books and papers and extorting a confession of crime to be used on the trial are both violations of fundamental rights, yet these personal rights and guaranties are not controlled by the same evidential rule. The principle of return of documents and property illegally taken from the accused is based upon the assumption that their seizure was due to an unreasonable and unlawful search and seizure, made without due process of law, while a confession or the admission of crime is usually an oral narration or expression, not infrequently reduced to writing by the officer or person to whom the confession or admission is made, and retained by him for use at the trial. Such a confession may be impeached upon the trial; and, unless it is shown by the government to have been freely and voluntarily made without inducements, threats, or promises of any kind, it will not be received as evidence. The learned counsel for the defendant concedes that whether a confession was voluntarily made or not depends upon the particular facts of each case, and that the facts are usually involved in doubt until they have been ascertained. But this may only occur at the trial.

[3-5] In Wilson v. U. S., 162 U. S. 623, 16 Sup. Ct. 895, 40 L. Ed. 1090, it is ruled that the fact that an accused was in custody does not render his confession involuntary, nor is it necessary that he should have been warned that what he said would be used against him. It is sufficient if the confession was voluntarily made, though he was not warned or advised that he had the right to remain silent. Not to have had the aid of counsel, or that the confession was made to an officer while in custody, or drawn out by cross-questioning put to the accused, and that Pinkerton detectives and other police officers were called in to assist in the questioning or to be present, or that he was confined in the police station and on the next day requestioned, are all matters bearing upon his asserted involuntary incriminating statement. All the facts and circumstances are to be taken into account, but, in view of

the denials on behalf of the government, do not require that the petitioner's statement be held to have been involuntary as matter of law. Hopt v. Utah, 110 U. S. 574, 4 Sup. Ct. 202, 28 L. Ed. 262; Sparf v. U. S., 156 U. S. 54, 715, 15 Sup. Ct. 273, 39 L. Ed. 343; Bram v. U. S., 168 U. S. 558, 18 Sup. Ct. 183, 42 L. Ed. 568. The rule in case of conflict as to whether a confession is or is not voluntary, if the court determines its admissibility, is to submit the question to the jury with the direction to disregard it if upon the entire evidence they are satisfied it was not a voluntary act of the accused. Wilson v. U. S., supra.

The case of U. S. v. Kallas (D. C.) 272 Fed. 742, does not support defendant's broad contention. There a hearing had been had before a United States Commissioner, who held the accused for indictment. Upon examining the evidence, on application for a writ of habeas corpus, and before indictment, the court held that the confession of the accused should not have been received by the Commissioner, on the ground that it was in violation of his constitutional rights, and since there was no independent evidence to sustain the charge the relator was released from custody.

[6] Do the circumstances disclosed herein entitle the defendants to inspect the grand jury minutes? Inspection of grand jury minutes should only be had as the adjudications uniformly hold, where it clearly appears that the indictment was found solely upon incompetent or illegal evidence, or, as Judge Wallace said in U. S. v. Farrington (D. C.) 5 Fed. 343, "in willful disregard of the rights of the accused." It is not questioned that aside from the confession there was competent evidence before the grand jury as a basis for the charge. In view of the circumstances as disclosed herein I would incline towards permitting an inspection of the minutes for the purpose of ascertaining whether the confession alone was the basis for the indictment, but it appears that no grand jury minutes were kept, and the United States attorney stated at the argument that there was competent evidence before the grand jury additional to the confession. An order for the inspection of the grand jury minutes would appear useless, and is therefore denied, while the question as to whether the confession was obtained in violation of constitutional rights is reserved until the trial.

[7-9] The next question arises over the seizure of the papers and documents by and with petitioner's consent as the government claims, but without his consent and by compulsion as claimed by the petitioner. It is contended in opposition to the return that as the post office inspector was not an officer of this court, a summary order, directing the return of seized papers and documents, should not issue against him. The cases of In re Chin K. Shue (D. C.) 199 Fed. 282, and In re Weinstein (D. C.) 271 Fed. 5, do not require a denial of the request. In the Shue Case the customs inspector seized the books and papers under a search warrant authorized by section 3066, R. S. (Comp. St. § 5769), and it was held that the seizure was not in a judicial proceeding, and the collector's custody would only be regarded as the custody of the court after forfeiture proceedings were taken. In the Weinstein Case the evidence seized was to be used before a board of special inquiry in

the Department of Labor, and not a proceeding in the District Court. Here the papers and documents were seized for the purpose of using them as evidence to sustain the charge against the defendant, and on the hearing of this motion it appeared that the seized papers were impliedly in the custody of the United States Attorney. Indeed he offered to return them in open court. It is questionable, in view of the circumstances as narrated by the petitioner, whether assenting to the visit by the post office inspector to his home for the purpose of seizing such papers and letters operated as a waiver of his constitutional freedom from search and seizure. Before it can be held that he waived any of his constitutional rights, the court should be able to find that the intention of waiver is sustained by clear and positive testimony. U. S. v. Kelih (D. C.) 272 Fed. 490. Owing to the uncertainty in my mind as to whether the petitioner intended to waive his rights in this relation, I think the papers and letters seized and copies, if there are any in existence, should be returned. It does not appear that any testimony was gleaned from them which became the basis of the indictment, but if any testimony is offered at the trial that is believed by the petitioner to have been obtained from illegally seized papers, the evidence is subject to rejection. Fitter v. U. S., 258 Fed. 567, 169 C. C. A. 507, and see Gouled v. U. S., 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. —— (at end of opinion).

The motions of the petitioner are denied except that the papers seized are required to be returned to him.