## GARDNER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. July 12, 1926.)

No. 4760.

**Courts** ☞526½, New. vol. 17A Key-No. Series.

District Court, as court of equity, *held* not to have jurisdiction of suit by United States, intended to circumvent execution of order by another judge of the District Court quashing search warrant and directing return of property seized thereunder.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California.

Suit by the United States against John E. Gardner. Decree for the United States and defendant appeals. Reversed.

Marshall B. Woodworth, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a final decree awarding the possession of certain documents and papers to the plaintiff below. At least, that such was the legal effect of the decree will fully appear from the following facts:

The appellant was connected with the Immigration Service at Angel Island as an employee of the United States from 1882 or 1883 until 1885, and again from 1896 or 1897 until the latter part of 1915. During that period he collected a large assortment of papers and documents, consisting principally of copies of reports and letters prepared by him, or under his direction, while in the Immigration Service. These papers had been in his possession, or in the possession of his son-in-law for him, for many years prior to 1918. On January 23, 1918, all such papers were seized by the United States marshal under a search warrant issued by a United States commissioner. The purpose of the seizure was to permit of the use of the papers by the United States attorney before a grand jury in certain criminal proceedings against the appellant, then pending or in contemplation.

On December 16, 1918, Judge Dooling, one of the judges of the court below, on petition of the appellant, made an order quashing the search warrant and directing the return to the appellant of all papers and documents seized under it. This order was based upon the ground that the affidavit upon which the search warrant issued was insufficient in law. Indeed, the insufficiency of the affidavit was conceded by the government at the time, and that concession is not questioned now. As soon as the above order was made the United States immediately instituted the present suit against the appellant, the United States marshal and others, to circumvent its execution. We say to circumvent its execution because, laying all pretense aside, the manifest purpose of the suit and its ultimate result was to restrain and prevent the United States marshal from carrying out and executing the order of Judge Dooling; and, if the order of Judge Dooling was a valid one, we presume it will not be contended that another judge of the same court, sitting in equity, would have jurisdiction to restrain its execution. That the order was a valid and appropriate one under the circumstances does not admit of question. Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654; United States v. Maresca (D. C.) 266 F. 713; United States v. Kraus (D. C.) 270 F. 578; United States v. Lydecker (D. C.) 275 F. 976; Honeycutt v. United States (C. C. A.) 277 F. 939.

We might say, in conclusion, that a casual inspection of the long list of papers and documents in controversy leads one to the conclusion that they are of little or no value to any one. To the appellant their value, if value they have, must be from a sentimental standpoint, and as to the government even this element is lacking.

The challenge to the jurisdiction of the court below as a court of equity should have been sustained, and for this error the decree is reversed.