## HARDY v. NORTH BUTTE MINING CO.

Circuit Court of Appeals, Ninth Circuit.
October 17, 1927.

No. 5272.

Courts ⬦═99(1)—Order appointing receivers may not be vacated by another judge sitting in same court on same record.

An order appointing receivers, made in a suit within the jurisdiction of the court, and in the exercise of judicial discretion, may not be vacated by another judge sitting in the same court, on the same record, as having been improvidently made.

Appeal from the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Suit in equity by Francis H. Hardy against the North Butte Mining Company. From an order discharging receivers and dismissing the suit, complainant appeals. Reversed.

For opinion below, see 20 F.(2d) 967.

Warren E. Greene, of Duluth, Minn., Carey & Kerr and Chas. A. Hart, both of Portland, Or., and P. E. Geagan, of Butte, Mont., for appellant.

Charles R. Leonard and J. A. Poore, both of Butte, Mont., amici curiæ.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a decree dismissing a complaint in equity and discharging receivers theretofore appointed. The appellant commenced suit in the District Court of the United States for the District of Minnesota, Fifth division, against the appellee, for the recovery of $6,500 and interest due on a promissory note executed by the appellee, and for the appointment of a receiver or receivers. Speaking generally, the grounds for the receivership were as follows:

The complaint averred that the property of the appellee consisted of mines, mining claims, and mining property of the value of $8,500,000, and of personal property, including cash in banks and bills receivable, of the value of $50,000, all in the state of Montana, and of personal property, consisting largely of the capital stock of other corporations, of the value of $100,000, in the state of Minnesota; that the total indebtedness of the appellee was between $600,000 and $700,000, represented by outstanding bonds, promissory notes, and pay rolls; that a considerable part of this indebtedness was secured by mortgages and deeds of trust on the properties of the appellee; that the appellee was indebted to employees for wages in the sum of $76,000; that it was without funds to meet its obligations, due and to become due, and was unable to borrow money for that purpose; that it had endeavored to sell unsold mortgage bonds to raise money, but without success; that many of its creditors were pressing for the payment of their claims and threatening suits and other proceedings; that unless the assets of the appellee were taken into judicial custody actions at law would be instituted by creditors, and through such actions such creditors would obtain judgments and executions, and that an inequitable preference over the appellant and other creditors would result; that irreparable injury would be done to the appellant and to other creditors and stockholders, and that the good will of the appellee would be lost, its ability to proceed with its mining operations destroyed, and the value of its property irreparably impaired. An answer was filed, admitting the allegations of the complaint, accompanied by a formal consent to the appointment of receivers, signed by the appellee through its secretary. On this record two receivers were appointed, with the usual powers.

Thereafter a similar complaint was filed in the United States District Court for the District of Montana, with an additional averment as to the appointment of the receivers in the Minnesota district, accompanied by a prayer for the appointment of ancillary receivers. An answer admitting the allegations of this complaint was also filed, accompanied by a similar consent to the appointment of receivers. Upon this record ancillary receivers were appointed in the district of Montana, the order being similar in all respects to the order theretofore made in the district of Minnesota. Later the receivers presented a report to the court in the Minnesota district and petitioned for an order confirming certain of their acts and doings as such receivers. An order of confirmation was made accordingly. Later a similar report, accompanied by a similar petition, was presented to the court in the Montana district, but upon the presentation of the report that court, presided over by a different judge, made an order on its own motion requiring the parties to show cause six days later why the order theretofore made appointing the receivers should not be vacated, on the ground that it was mistakenly and improvidently made, and why the receivership should not end and the suit be dismissed forthwith. On the return to the show cause order, the court made a final order discharging the receivers and dismissing the suit.

The latter order gave rise to the present appeal.

The sole question presented for decision is this: If an order appointing receivers is made in a suit within the jurisdiction of the court making the order, and in the exercise of judicial discretion, may another judge sitting in the same court, on the same record, of his own motion or otherwise, vacate the order of appointment because, in his opinion, the order was mistakenly or improvidently made. On both principle and authority this question must be answered in the negative.

In Appleton v. Smith, 1 Fed. Cas. 1075, No. 498, a motion to dissolve an attachment was overruled by the District Judge, and the motion was thereafter renewed before Mr. Justice Miller sitting at circuit. In refusing to entertain the motion, the learned judge said:

"Where, as in the present case, the motion is made on the same grounds, and with no new state of pleadings or facts, it is nothing more than an appeal from one judge of the same court to another, and, though it is my province in the Supreme Court to hear and determine such appeals, I have in this court no such prerogative. The District Judge would have the same right to review my judgments and orders here as I would have in regard to his. It would be in the highest degree indelicate for one judge of the same court thus to review and set aside the action of his associate in his absence, and might lead to unseemly struggles to obtain a hearing before one judge in preference to the other."

The authority and propriety of that decision, rendered almost 60 years ago, has never been questioned from that day to this. In Cole Silver Min. Co. v. Virginia & Gold Hill Water Co., 6 Fed. Cas. 72, No. 2,990, Mr. Justice Field, sitting at circuit, refused to dissolve an injunction granted by the Circuit Judge sitting in the same court, saying:

"The injunction, although preventive in form, is undoubtedly mandatory in fact. It was intended to be so by the Circuit Judge who granted it, and the objection which is now urged for its dissolution was presented to him, and was fully considered, I could not with propriety reconsider his decision, even if I differed from him in opinion. The Circuit Judge possesses, as already stated, equal authority with myself in the circuit, and it would lead to unseemly conflicts, if the rulings of one judge, upon a question of law, should be disregarded, or be open to review by the other judge in the same case."

A similar ruling was made by Judge Brewer in Reynolds v. Iron Silver Min. Co. (C. C.) 33 F. 354. To the same effect see Oglesby v. Attrill (C. C.) 14 F. 214; Wakelee v. Davis (C. C.) 44 F. 532; Taylor v. Decatur Mineral & Land Co. (C. C.) 112 F. 449; Plattner Implement Co. v. International Harvester Co. (C. C. A.) 133 F. 376; H. B. Claflin Co. v. Furtick (C. C.) 119 F. 429; Presidio Mining Co. v. Overton (C. C. A.) 261 F. 933; Gardner v. United States (C. C. A.) 13 F.(2d) 851.

In Plattner Implement Co. v. International Harvester Co., supra, Judge Sanborn said:

"But the rule itself, and a careful observance of it, are essential to the prevention of unseemly conflicts, to the speedy conclusion of litigation, and to the respectable administration of the law, especially in the national courts, where many judges are qualified to sit at the trials, and are frequently called upon to act in the same cases. It is unavoidable that the opinions of several judges upon the many doubtful questions which are constantly arising should sometimes differ, and a rule of practice which would permit one judge to sustain a demurrer to a complaint, another of co-ordinate jurisdiction to overrule it and to try the case upon the theory that the pleading was sufficient, and the former to then arrest the judgment, upon the ground that his decision upon the demurrer was right, would be intolerable. It has long been almost universally observed."

In Commercial Union of America v. Anglo-South American Bank (C. C. A.) 10 F.(2d) 937, the court said:

"The situation presented, therefore, is this: That after one judge sitting in the case had decided the complaint to be sufficient, another judge sitting in the same court decided it was insufficient and dismissed it. We are not aware that it has ever before happened that in the Southern district of New York, or in any district within this circuit, one judge has in effect undertaken to set aside or ignore an order made by another judge of co-ordinate jurisdiction in the same suit."

And after a searching and painstaking review of the authorities, the court concluded:

"We have at some length set forth the rulings of the federal courts on the effect of a decision made by a trial judge upon the right of a judge sitting subsequently in the same court and in the same case to overrule the decision of the first judge on the same matter. We have done so because the question raised is important, and has to do with the dignified and orderly procedure of the courts, and is a

departure from what has been regarded heretofore in this and in the other circuits as improper and not to be countenanced."

If the original order appointing the receivers could be vacated and set aside by another judge sitting in the same court, on the ground that the order was made mistakenly and improvidently, it would seem to follow that the order vacating the appointment and dismissing the complaint could be set aside by another and different judge, sitting in the same court, on the same ground, and for the same reason, and we would then be confronted with the intolerable situation to which Judge Sanborn referred.

No appearance was made by the appellee in this court, but by consent of the court a brief has been filed in support of the order appealed from, by counsel representing certain stockholders. The brief, however, is devoted entirely to a discussion of the merits of the case as presented to the two courts appointing the receivers, and, for reasons already stated, any discussion of that question at this time would be out of place.

The decree of the court below, dismissing the complaint and discharging the receivers, must be reversed; and it is so ordered.