CENTRAL UNION TRUST CO. v. NORTH BUTTE MINING CO. 675

26 F.(2d) 675

CENTRAL UNION TRUST CO. OF NEW YORK v. NORTH BUTTE MINING CO. et al.

District Court, D. Montana. May 22, 1928.

No. 617.

1. Courts ⬥490—Comity cannot confer jurisdiction, and should not defeat justice.

Comity cannot confer jurisdiction, and should not defeat justice.

2. Corporations ⬥558—Disinterested receiver will be appointed, where corporation's property is in possession of receivers friendly to one faction, though insolvency, income, or waste is not alleged.

Where corporation's property is in possession of receivers disqualified by friendliness to one of two contending factions, a disinterested receiver will be appointed, though there is no allegation of insolvency, income or waste.

In Equity. Suit by the Central Union Trust Company of New York, as trustee, against the North Butte Mining Company and others. Decree for plaintiff in part.

Larkin, Rathbone & Perry, of New York City, and R. F. Gaines, of Butte, Mont., for plaintiff.

C. R. Leonard, J. A. Poore, and W. D. Kyle, all of Butte, Mont., for defendants.

BOURQUIN, District Judge. This is a suit to foreclose a trust deed to secure a bond issue, upon the property involved in Hardy v. North Butte Mining Co. (D. C.) 20 F.(2d) 967; Id. (C. C. A.) 22 F.(2d) 62.

The receivers in the cited suit and two trustees of like deeds upon part of the property are defendants in the instant suit. Plaintiff moves for the "appointment of receivers" herein, and that the suits be consolidated for trial. Defendants trustees and the company object, for that the complaint contains no allegation of insolvency or of income or of waste, and for that the property is now in possession of receivers and consolidation unnecessary.

This court discharged the receivers and dismissed the Hardy suit, for that it was brought by a simple contract creditor, without insolvency, and without valid or any corporate consent by the company. Hence there was no jurisdiction in equity. Moreover it was apparent that the suit was collusive and

for ulterior purposes, that the receivers were "friendly" and self-seeking, and that they were improvidently appointed. That the court was without jurisdiction of said suit then seemed clear and now is demonstrated by Harkin v. Brundage (Ill.; February 20, 1928) 48 S. Ct. 268, 72 L. Ed. ——, and the sound doctrine by Chief Justice Taft therein; and that in such circumstances the court should dismiss the suit is the mandate of section 37, Judicial Code (title 28, § 80 U. S. C. [28 USCA § 80]).

[1] The appellate tribunal, however, held that, as the appointment of receivers had been made by another judge, comity forbade the action taken. But comity cannot confer jurisdiction, and should not defeat justice. And, with all due respect for the principle, the writer will not subscribe to the paraphrase, "Comity, may it result in justice; but justice or not, comity."

[2] Adverting to the objections aforesaid, it is true that in the instant complaint is no allegation of insolvency, income, or waste, generally in some part the basis of receivership. But it is a condition and not a theory which confronts us. The property is out of the company's possession, and is in the possession of receivers, whom the records and proceedings disclose are not without "friendliness," to put it mildly, to Hardy and a faction of the company, and who, for that reason, as says Chief Justice Taft in the cited case, are disqualified for their offices as the trusted agents and hands of the court. In fact, they are important actors of one faction in serious strife with another faction. Hence one disinterested receiver herein will not aggravate the company's griefs, but will alleviate them, will make for economy and justice.

Accordingly, the court appoints as receiver herein John Lindsay of the bar of this court, to forthwith receive, receipt for, collect, possess, and manage all the property of the trust deed, wherever situated, until the further order of the court. Bond is fixed at $50,000, subject to increase if and when circumstances require.

No reason appears for consolidation of the suits.

Order accordingly.