**JURGENSON v. NATIONAL OIL & SUPPLY CO. et al.**

**In re STAR SILK DYEING CO.**

**No. 4952.**

Circuit Court of Appeals, Third Circuit.
Feb. 24, 1933.

Paul Rittenberg and Kimmel & Kimmel, all of Paterson, N. J., for appellant.

H. Kermit Green and Filbert L. Rosenstein, both of Paterson, N. J. (Nathan L. Jacobs, of Newark, N. J., of counsel), for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from orders of the District Court for the District of New Jersey denying an application to dismiss an involuntary petition in bankruptcy and an application to vacate the appointment of a receiver.

On May 16, 1932, the National Oil & Supply Company, the Olive Oil Soap Company, and the Wollen Chemical & Supply Company (hereinafter designated Oil Company, Soap Company, and Chemical Company, respectively) filed, as creditors, an involuntary petition in bankruptcy setting out that the Star Silk Dyeing Company, alleged bankrupt, had made a general assignment for the benefit of its creditors within four months of the filing of the petition, and was insolvent. On May 18, 1932, upon petition of Oil Company, Judge Clark appointed a receiver pending the election and qualification of a trustee. On May 31, 1932, Adolph Jurgenson filed an intervening petition setting out that he was an unsecured creditor of the Star Silk Dyeing Company, that it had made preferential payments to Oil Company, Soap Company, and Chemical Company, the three petitioning creditors, and that they had not filed their petition in good faith. Jurgenson was allowed to intervene. On June 2, 1932, application was made on behalf of Jurgenson to dismiss the petition in bankruptcy upon the ground that each of the petitioning creditors had received a preference prior to the filing of the petition. On June 13, 1932, upon petition of Jacques Wolf & Co., Central Supply Company, Inc., and M. Goldberg & Sons, creditors, setting out that they had received no preferences within the meaning of the Bankruptcy Act (11 USCA), Judge Fake entered an order allowing them to join as intervening petitioning creditors. There being then three petitioning creditors against whom Jurgenson's objections did not apply, Judge Fake on June 22, 1932, denied Jurgenson's application for an order dismissing the petition. Meanwhile on June 7, 1932, Jurgenson had applied to Judge Fake for the vacation of the appointment of the receiver. The application was denied on June 22, 1932. On July 20, 1932, Jurgenson appealed without allowance by this court.

Error is assigned, first, to the overruling of the motion to dismiss the original petition in bankruptcy; and, second, to the overruling of the motion to vacate the order appointing a receiver. The motion to dismiss was based on the alleged fact that the original petitioning creditors had received preferences. This court held in Greenville Banking Company v. Selcow, 25 F.(2d) 78, that creditors who have received preferences are not thereby disqualified to become petitioning creditors, but that the only effect of the preference is to prevent allowance of their claims until the preference or security is surrendered. If, prior to adjudication, the original petitioners surrender their preference, the petition is valid. In the instant case, however, this question is immaterial, because four qualified creditors eventually joined and were permitted to intervene. Provision for the joinder of other creditors is contained in section 59f of the Bankruptcy Act (11 USCA § 95 (f). Under authority of Canute Steamship Company v. Pittsburgh Coal Company, 263 U. S. 244, 44 S. Ct. 67, 68 L. Ed. 287, additional creditors may join at any time before adjudication and be counted at the hearing in determining whether there are three petitioning creditors qualified to maintain the petition, it being immaterial whether they join in the petition orginally or by intervention.

Turning to the alleged error in refusing to vacate the appointment of a receiver, the application was made to Judge Fake to vacate an appointment made by Judge Clark.

It is well settled that a judge may not overrule a prior decision of another judge of the same court in the same case, and, under the authorities, the court is justified in refusing such an application. Hardy v. North Butte Mining Co. (C. C. A.) 22 F.(2d) 62; Plattner Implement Co. v. International Harvester Co. (C. C. A.) 133 F. 376; Appleton v. Smith, 1 Fed. Cas. page 1075, No. 498. Moreover, the contention of the appellant that the receiver had taken possession before the petitioning creditors' bond had been filed is not sustained by the record. It appears that the appointment was made May 18, 1932, and that the petitioning creditors' bond was entered June 13, 1932, so that all the requirements of the law were complied with before the order of June 22, 1932, denying the vacation of the appointment of the receiver.

■ While there is sufficient ground for sustaining the court below on the merits, it conclusively appears that the appeal was not properly taken and must be dismissed because of lack of jurisdiction. The subject-matter under review is a proceeding in bankruptcy, reviewable prior to the Act of May 27, 1926, by petition to revise, and, since that act, by appeal. Such special appeal requires an allowance by the appellate court. Section 24b of the Bankruptcy Act, as amended by Act May 27, 1926, § 9 (11 USCA § 47 (b), provides: "The several circuit courts of appeal and the Court of Appeals of the District of Columbia shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law (and in matter of law and fact the matters specified in section 48 of this title) the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 48 of this title to be allowed in the discretion of the appellate court."

The orders of the court below, upon which the appeals were taken, were both entered in proceedings in bankruptcy and not in controversies at law or in equity arising in bankruptcy proceedings. They were purely administrative orders concerning procedural matters arising in the ordinary administration of the bankrupt estate. Hunter v. Commerce Trust Co. (C. C. A.) 55 F.(2d) 1; Deeley v. Cincinnati Art Pub. Co. (C. C. A.) 23 F. (2d) 920.

While we have discussed the questions raised by the appellant upon the merits, the case will be disposed of upon our conclusion that the appeal is not properly before us, and upon that ground the appeal is dismissed.