324

HARTLEY PEN COMPANY, a California corporation, dba the Hartley Company, Petitioner,

v.

UNITED STATES DISTRICT COURT for the SOUTHERN DISTRICT OF CALIFORNIA, CENTRAL DIVISION, Respondent,

The Honorable Benjamin Harrison, Respondent,

E. I. du Pont de Nemours & Company, etc., Respondent,

and

Formulabs, Inc., etc., Respondent.

No. 17096.

United States Court of Appeals
Ninth Circuit.

Feb. 10, 1961.

Owen A. Bartlett, A. V. Falcone, Los Angeles, Cal., for petitioner.

Lawler, Felix & Hall, John M. Hall, Los Angeles, Cal., for respondent, du Pont.

William D. Sellers, Pasadena, Cal., for respondent, Formulabs, Inc.

Before STEPHENS, BARNES and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

We granted leave to Hartley Pen Company [petitioner herein] to file its petition for writ of prohibition and for writ of mandate, either or both in the alternative, and for other relief, and issued an order to show cause directed to the United States District Court for the Southern District of California, Central Division, certain Judges of that Court, E. I. du Pont de Nemours & Company, and Formulabs, Inc., respondents. At the hearing on the order to show cause, the respondents E. I. du Pont de Nemours & Company [hereinafter referred to as du Pont] and Formulabs, Inc. [hereinafter referred to as Formulabs] appeared in response to the order to show cause.

Basically, the petition seeks to have set aside by this Court certain orders made by one of the Judges of the United States District Court for the Southern District of California, Central Division, which were made in connection with pre-trial discovery proceedings arising out of a suit for damages for breach of warranty instituted by the petitioner against du Pont and pending in the United States District Court for the Southern District of California, Central Division.

In order to place the parties in proper posture and to place in proper focus the questions presented by these proceedings, it is necessary to review prior proceedings in the court below and in this Court.

The petitioner filed a complaint in the state court against du Pont, alleging breach of warranty. The action was transferred to the United States District Court by reason of diversity of citizenship, the amount in controversy exceeding the sum of $10,000 exclusive of interest and costs.

The petitioner manufactures ball point pens containing cartridges filled with ink made under a secret formula comprising a trade secret belonging to Formulabs. The use of the secret formula by petitioner was under the terms of a written license agreement with Formulabs.[1]

The ink manufactured by petitioner and placed in the cartridges incorporated a dye purchased by petitioner from du Pont. In August 1953 du Pont sold to petitioner lots 36 and 37 of blue B dyes. The complaint alleges that the inks made by petitioner using dye lots 36 and 37 proved to be defective and unmerchantable. Petitioner claimed that it suffered general and special damages in large amounts as the proximate result of the alleged defective and unmarketable dye.

As part of its discovery proceedings, du Pont, through interrogatories propounded to petitioner under Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A., and a motion under Rule 34, sought to learn Formulabs' secret formula used

---

1. The agreement contained a covenant against disclosure by petitioner of the secret formula.

by petitioner in the formulation of the alleged defective ink using the alleged defective dye, lots 36 and 37, as well as certain of Formulabs' secret test procedures which had been disclosed to petitioner. Over the objections of petitioner, the district court ordered petitioner to answer the interrogatories, and granted du Pont the right to inspect and copy documents relating to said trade secrets in petitioner's possession or under its control.[2] It is conceded that compliance by petitioner with said orders would disclose the secret formula and secret test procedures.

The minute order of the district court requiring disclosure was entered on December 16, 1957. On February 5, 1958, Formulabs moved the district court to intervene in the action on the ground that the property affected belonged to it, and that its right to ownership would be seriously injured or destroyed by disclosure of the trade secrets. In its proposed cross complaint Formulabs alleged that the secret formula and secret test procedures are of great value and disclosure of them would do great and irreparable damage to Formulabs' business. The cross complaint prayed that petitioner be enjoined from disclosing such trade secrets. Petitioner also moved the district court to set aside the disclosure order. After hearing, the district court stated that Formulabs was a stranger to the main action, had no standing therein, and on June 2, 1958 the district court entered a final judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, denying Formulabs' petition for intervention. Formulabs appealed from such judgment. This Court held that under the plain language of Rule 24(a) (3) of the Federal Rules of Civil Procedure Formulabs had a right to intervene in the action between petitioner and du Pont, and the order of the district court denying intervention was reversed on February 15, 1960. Formulabs v. Hartley Pen Company, 9 Cir., 1960, 275 F.2d 52, certiorari denied 363 U.S. 830, 80 S.Ct. 1600, 4 L.Ed.2d 1524.

The petitioner has not answered the interrogatories proposed by du Pont or permitted du Pont to inspect and copy documents. No steps for the enforcement of the orders of the trial court requiring disclosure have been taken in the district court. The record is clear from many statements made by the district judge during the protracted discovery proceedings that petitioner must disclose the secret formula and secret test procedures before it would be permitted to further prosecute its suit for damages against du Pont.

In the present proceedings petitioner prays that the United States District Court for the Southern District of California, Central Division, be ordered: (1) to vacate orders made in discovery proceedings, ordering petitioner to answer respondents' interrogatories, requiring production of the secret formula and the secret test procedures; (2) to vacate all orders overruling petitioner's objections to producing said formulae on the grounds that they are trade secrets, not relevant to the issues in the main case, and that du Pont made no showing of good cause for discovering them; (3) to make an affirmative order sustaining petitioner's objections to producing the formulae, and to further order that petitioner be not required to produce the formulae in response to any kind of motion by du Pont; (4) to prohibit any district judge to whom the main case has been or will be assigned following the death of Judge Harrison from in any way enforcing Judge Harrison's orders to produce the secret formulae, and from affecting petitioner's main action as a result of non-compliance with Judge Harrison's orders; and (5) to enjoin such district judges from ordering or requiring petitioner to disclose the trade secrets.

Petitioner predicates jurisdiction in this Court to grant the relief sought in

2. The orders from which petitioner seeks relief from this Court were made by the Honorable Ben Harrison, United States District Judge for the Southern District of California. Judge Harrison is now deceased.

the petition under the All Writs Act, 28 U.S.C.A. § 1651, which provides:

"(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

"(b) * * *"

Admittedly the orders complained of are interlocutory and not appealable. Apex Hosiery Co. v. Leader, 3 Cir., 1939, 102 F.2d 702; Zalatuka v. Metropolitan Life Insurance Co., 7 Cir., 1939, 108 F.2d 405. This Circuit has held that an order relating to discovery under Rule 30(b) of the Federal Rules of Civil Procedure is interlocutory and not appealable. Fred Benioff Co. v. McCulloch, 9 Cir., 1943, 133 F.2d 900. Clearly the propriety of these orders is reviewable by this Court on appeal from a final judgment, Title 28 U.S.C.A. §§ 1291 and 1294. Petitioner and Formulabs earnestly urge that the remedy afforded by appeal is completely inadequate since, even though this Court should hold on appeal by petitioner from a final judgment that the trial court erred in the entry of such orders, the disclosure of the trade secrets once made is irrevocably made and the secrets irrevocably lost, to the great damage of petitioner and Formulabs.

It should be borne in mind that these proceedings involve no question of the jurisdiction of the district court. Its jurisdiction of the parties and the subject matter of the main action is not questioned, nor does the main action involve a refusal by the district court to adjudicate the issues properly presented to it, nor any contention that in making such orders the district court acted in excess of its jurisdiction or abdicated its functions. The sole contention of petitioner is that the orders constitute an abuse of discretion on the part of the district judge.

The parties to these proceedings appear to agree that this Court has power to grant the extraordinary remedy sought, even though the orders involved are interlocutory and non-appealable, provided that there are present extraordinary and exceptional circumstances which require the grant of the extraordinary remedy to prevent a grave miscarriage of justice which might otherwise result were the only remedy afforded an appeal from a final judgment or an appeal from some appealable order or judgment made under Rule 37 of the Federal Rules of Civil Procedure. Such appears to be the law. Roche v. Evaporated Milk Assn., 1943, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; Bankers Life & Casualty Co. v. Holland, 1953, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106; Ex parte Fahey, 1947, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041; Parr v. United States, 1956, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377. The problem before us, therefore, is the propriety of granting the remedy in the light of the facts and circumstances of this case, which, in turn, requires the exercise by this Court of the discretion vested in it. We must strike a discriminating balance between the general policy of finality and the inadequacy of the remedy of appeal in relation to the interests involved in this case. As stated by this Court in Gulf Research & Development Co. v. Harrison, District Judge, 9 Cir., 1950, 185 F. 2d 457, where at page 459, Judge Orr stated:

"We are of the opinion that once a suitor has properly invoked federal jurisdiction in this circuit it is within our power, in extraordinary circumstances, to issue mandamus to prevent a grave miscarriage of justice."

While the secret formula and the secret testing procedures are not the subject matter of the action, compliance with the orders complained of will presumably destroy their value and will irreparably injure Formulabs and petitioner. As we stated in Formulabs, Inc., v. Hartley Pen Company, supra, 275 F.2d at page 56:

"As stated in Cincinnati Bell Foundry Co. v. Dodds, (1887), 19 Week.Law Bull., 10 Ohio Dec. Reprint 154:

" 'The property in a trade secret is the power to make use of it to the exclusion of the world. If the world knows the process then the property disappears. There can be no property in a process, and no right of protection if knowledge of it is common to the world.' "

■ It must not be inferred from the foregoing quotation that a trade secret need never be disclosed. A trade secret must and should be disclosed where upon a proper showing it is made to appear that such disclosure is relevant and necessary to the proper presentation of a plaintiff's or defendant's case. The delicate problem is to secure the right of one litigant to get relevant and necessary evidence and to protect the other litigant from disclosing secrets which are not relevant and necessary.

This view is reflected in Rule 34 of the Federal Rules of Civil Procedure which in substance provides that upon motion of any party showing good cause therefor, after notice, subject to the provisions of Rule 30(b), a district court may order any party to produce documents or objects, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b). The order may specify such terms and conditions as are just. Rule 30(b) provides orders for the protection of the parties and deponents, and provides in its relevant parts in substance that upon notice for good cause shown that certain matters shall not be inquired into, that the examination shall be limited to certain matters, the examination shall be held with no one present except parties to the action and their officers or counsel, that the deposition shall be sealed and be opened only by order of the court, or that secret processes, development, or research need not be disclosed, or that the parties shall simultaneously seal specified documents or information to be opened as directed by the court, or the court may make such other order which justice requires to protect the party or witness from annoyance, embarrassment or op-

pression. Rule 26(b) incorporates the protective provisions of Rule 30(b), and in its relevant parts in substance provides that the deponent may be examined regarding any matter "not privileged" which is relevant to the subject matter involved in the pending action, and that it is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. Rule 33 deals with interrogatories to the parties. The rule provides that interrogatories may relate to any matters which can be inquired into under Rule 26(b). The provisions of Rule 30(b) are made applicable to Rule 33, for the protection of the party from whom answers to interrogatories are sought under such rule.

■ Du Pont urges that the petition for an extraordinary remedy should be denied. It states that the main action is an ordinary action to recover damages for alleged breach of warranty and is not an extraordinary cause. We do not agree that the power granted this Court under the All Writs Act is to be reserved for a "cause celebre". In our view the remedy is available in an ordinary case within our jurisdiction if ordinary remedies are inadequate and there are present exceptional and extraordinary circumstances which require the issuance of an extraordinary writ to prevent a grave miscarriage of justice. Du Pont further states that there are absent from this case exceptional and extraordinary circumstances, and that the relief afforded by an appeal from a final judgment is adequate. This argument is predicated on the premise that if du Pont should prevail in the main action and a final judgment be entered by the district court in its favor, the petitioner would have the right to appeal from such final judgment to this Court. If this Court should find the orders complained of clearly erroneous, this Court would reverse the judgment. The premise presupposes a disclosure by petitioner of the trade secrets in compliance with the order of disclosure. Such a victory by petitioner on

such an appeal would indeed be a Pyrrhic one. Petitioner would have won a battle but petitioner and Formulabs would have lost the trade secrets. Du Pont appears to recognize that such might be the result, and suggests that petitioner could refuse to disclose and thereby invite the imposition by the district court of one of the sanctions specified in Rule 37(b) of the Federal Rules of Civil Procedure. Rule 37(b) in its relevant part in substance provides that if a party or an officer of a party refuses to obey an order made under Rule 34 to produce any document or other thing for inspection, or permit it to be done, the court may make such orders in regard to the refusal as are just, and among others: an order that the contents of the paper or any other designated fact shall be taken to be established for the purpose of the action in accordance with the claim of the party obtaining the order; an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing into evidence designated documents or things or items of testimony; an order striking out pleadings, or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; or, in lieu of any of the foregoing orders or in addition thereto, an order directing the arrest of any party or agent of a party for disobeying any of such orders. Rule 37(d) in substance provides that if a party refuses to answer interrogatories submitted under Rule 33, the district court, after notice and on motion, may strike out all or any part of any pleading of that party, or dismiss the action, or enter a judgment by default against that party.

During the course of discovery Judge Harrison repeatedly stated to petitioner's counsel that he would welcome a ruling by this Court on the propriety of his orders, and stated that if petitioner refused to disclose the trade secrets that he would dismiss the main action. No

dismissal was ever entered, however. Du Pont asserts that if the action were dismissed by the district judge because of petitioner's refusal to make disclosure the judgment of dismissal would be final, from which petitioner would have its right of appeal to this Court. Du Pont also suggests that an appeal to this Court could be taken if the district court should find petitioner in contempt for refusal of petitioner to disclose, citing Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, or if the district court should enter a judgment by default against petitioner for refusal to disclose, citing Collins v. Wayland, 9 Cir., 1944, 139 F.2d 677. Thus, du Pont states, the remedy afforded by appeal is adequate.

The weakness of du Pont's argument is that not all of the sanctions which the district judge might impose under Rule 37 are final and therefore appealable. Rule 37 lists a large number of sanctions which may be imposed. Some of these are clearly interlocutory and not final or appealable, such as a particular fact may be taken as established, or refusing to allow a party to support or oppose designated claims or defenses, or to prohibit from introducing certain evidence, or striking pleadings, or staying proceedings. See Moore's Federal Practice, Second Edition, Volume 4, page 1212; also see Zalatuka v. Metropolitan Life Insurance Co., supra, which involved an order staying proceedings until plaintiff complied with an order under Rule 34. The Seventh Circuit held that such an order was not appealable even though it leaves the plaintiff with the alternative of abandoning her action or her claimed right in refusing to obey the order. We are unable to forecast what sanctions may be imposed by the district court if petitioner refuses to disclose. Judge Harrison stated that he would dismiss the action. Judge Harrison is now deceased. If a successor judge should impose a sanction which is interlocutory and not appealable, such as staying further proceedings until petitioner discloses the trade secrets, petitioner must either voluntarily abandon its action against du Pont or disclose

in order to proceed to a final judgment, a successful appeal from which, as we have already indicated, would presumably be a barren one. The petitioner and Formulabs would have presumably lost their property by disclosure to the world of their trade secrets.

There is also another feature of these proceedings which appears to us to have significance. Formulabs sought to intervene in the action and moved the trial court to set aside the disclosure order. The district court ruled that Formulabs was a stranger to the main action, and denied it the right to intervene. This Court reversed and held that Formulabs had a right to intervene in the action. Formulabs v. Hartley Pen Company, supra. Under present circumstances Formulabs' success on appeal is a hollow one since it is extremely unlikely that a successor judge to Judge Harrison would even entertain a motion to reconsider the propriety of Judge Harrison's orders. Commercial Union of America v. Anglo So. Bk., 2 Cir., 1925, 10 F.2d 937; Jurgenson v. National Oil, etc. Co., 3 Cir., 1933, 63 F.2d 727, and Hardy v. North Butte Mining Co., 9 Cir., 1927, 22 F.2d 62.

■ In our view, in light of the exceptional and extraordinary circumstances of this case, the remedy afforded by appeal is inadequate, and petitioner is entitled to some measure of relief under the All Writs Act to prevent grave injustice if the orders complained of constitute an abuse of judicial discretion on the part of the district court. To this subject we now turn.

■ While du Pont has proceeded under various discovery rules, its prime purpose, so far as relevant to these proceedings, is to secure disclosure of the trade secrets, on the ground that such information is purportedly relevant to its defense of the action, or is reasonably calculated to lead to the discovery of admissible evidence. It is of little moment at this stage whether petitioner discloses the trade secrets in response to interrogatories under Rule 33 or produces the documents relating to the trade secrets in obedience to the court order made under Rule 34. The various discovery rules create integrated procedural devices. Hickman v. Taylor, supra. The important consideration to us is the policy of law which is reflected in the rules and court decisions relating to the disclosure of trade secrets. This policy is set forth in Rule 30(b) dealing with depositions, but which is incorporated in Rules 31, 33 and 34. The concern for the protection of trade secrets is manifested by the protective provisions contained in Rule 30(b), which, among other things, provide that on motion and for good cause shown, the court may order that "secret processes, developments, or research" need not be disclosed. Further, Rule 34 specifically prescribes that before a party may gain entry to the land of or access to the private papers and documents of another good cause must be shown. As stated in Hickman v. Taylor, supra, 329 U.S. at page 507, 67 S.Ct. at page 392:

"But discovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30(b) and (d) and 31(d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege."

■■ The courts have generally recognized that there is no definite privilege against disclosure of trade secrets but that a disclosure of trade secrets will be required only where such disclosure is relevant and necessary to the prosecution or defense of a particular case. We believe such to be the rule. As stated in Moore's Federal Practice, Second Edition, Volume 4, page 1087:

"While there is no definite privilege against discovery of trade secrets and secret processes, the courts will normally hesitate to require dis-

closure of such matters, and Rule 30(b) provides that the court may order 'that secret processes, developments, or research need not be disclosed.' But if the information is relevant and necessary to the presentation of the case, it will be required. The court may impose special conditions to protect the party."

We believe that the requirements of relevance and necessity must be established where disclosure of a trade secret is sought whether sought under Rule 33 or 34, and that the burden rests upon the party seeking disclosure to establish that the trade secret sought is relevant and necessary to the prosecution or defense of the case before a court is justified in ordering disclosure. In Hickman v. Taylor, supra, the Supreme Court dealt with "the 'work product of a lawyer'" under a claim that the information sought was "privileged". In that case the Court stated:

"* * * that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order. That burden, we believe, is necessarily implicit in the rules as now constituted.[10]

"[10] Rule 34 is explicit in its requirements that a party show good cause before obtaining a court order directing another party to produce documents. See Report of Proposed Amendments by Advisory Committee on Rules for Civil Procedure (June, 1946); 5 F.R.D. 433."

While we recognize the differences between the Hickman case and the instant case, we are mindful of the policy of law expressed in the rules and the court decisions to protect the property in trade secrets against unnecessary and unjustified invasion, and for that reason we believe that the general principle of law expounded in Hickman has some measure of significance in the instant case.

 We have carefully examined the record before us in these proceedings, as well as the transcript of record in Formu-labs, Inc. v. Hartley Pen Company, supra. We need not extend this opinion by detailed reference thereto. We are satisfied, in light of the facts and circumstances before the district court that du Pont did not sustain the burden that rested upon it of establishing that the trade secrets sought were relevant and necessary to its proper defense of the main action. We also note that the disclosure orders are without limitation, although petitioner repeatedly sought protective provisions. In our view, under the facts and circumstances of this particular case, the orders requiring disclosure constitute an abuse of discretion by the district court. We further hold that the remedy of appeal is inadequate and that the exceptional and extraordinary circumstances present in this case entitle the petitioner to some measure of relief under the All Writs Act. If du Pont can establish that all or some part of the information sought is relevant and necessary to its proper defense of the action, then in our view it is entitled to an appropriate order incorporating such protective provisions, if any, as the district court in the exercise of sound discretion may deem proper in light of the showing before it.

As we see it, the only relief to which petitioner is entitled is to have set aside those portions of the orders made by the district court which require disclosure of the secret formula and the secret testing procedure, without prejudice, however, to du Pont's right to thereafter initiate such discovery procedures as may be proper in an endeavor to establish that disclosure of the secret formula or the secret testing procedure, or both, is or are relevant and necessary to the proper defense by du Pont of the main action. All other relief sought by the petitioner in its petition should be and is denied.

For the reasons herein stated, it is ordered that a writ of mandamus issue to the United States District Court for the Southern District of California, Central Division, and to the judge thereof to whom the action below has or may be assigned because of the death of Judge

Harrison, directing the setting aside of those portions of the orders made by the district court which require disclosure of the secret formula and the secret testing procedure, without prejudice, however, to du Pont's right to thereafter initiate such discovery procedures as may be proper in an endeavor to establish that disclosure of the secret formula or the secret testing procedure, or both, is or are relevant and necessary to the proper defense by du Pont of the action pending in said district court.