**UNITED STATES of America, Plaintiff—Appellee,**

v.

**John A. LENCE, Defendant— Appellant.**

**United States of America, Plaintiff—Appellant,**

v.

**John A. Lence, Defendant—Appellee.**

Nos. 02–30420, 03–30014.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 1, 2004.

Decided March 19, 2004.

Carl E. Rostad, Esq., Office of the U.S. Attorney, Great Falls, MT, Ellen R. Meltzer, Esq., U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Daniel Donovan, Esq., Thompson Potts & Donovan, P.C., Great Falls, MT, James C. Bartlett, Esq., Kalispell, MT, for Defendant–Appellant.

Before: O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM *

### I

The district court never expressly determined that there was perjury at trial, and a close review of the record reveals no clear evidence of any false testimony. At best, a witness "may have made an earlier inconsistent statement," but that "does not establish that the testimony offered at trial was false." *United States v. Croft*, 124 F.3d 1109, 1119 (9th Cir.1997). As such, John Lence's allegations of perjury amount to "mere speculation," *United States v. Aichele*, 941 F.2d 761, 766 (9th Cir.1991), and this court is not "obligated to decide [a witness's] credibility . . . because the determination of credibility is for the jury." *United States v. Zuno–Arce*, 44 F.3d 1420, 1423 (9th Cir.1995); *see also Shibley v. United States*, 237 F.2d 327, 331 (9th Cir.1956) ("In the briefs, appellant has tried to point up certain minor inconsistencies in the testimony of [a witness], as if this Court were concerned with credibility. Of course we are not. This argument might have had weight with the jury, but it is out of place in an appellate brief." (internal citation omitted)). Accordingly, Lence is not entitled to any perjury-related form of relief.[1]

### II

The district court did not err by allowing John Petersen to testify. A proper oath was administered as required by Federal Rule of Evidence 603, so Petersen was legally competent to be a witness. *See* Fed.R.Evid. 601 ("Every person is competent to be a witness except as otherwise provided in these rules."). The district court did not conclude that Petersen was wholly "incapable of testifying truthfully," *United States v. Tamez*, 941 F.2d 770, 776 (9th Cir.1991), and judgments regarding his credibility were properly left to the jury. *See United States v. Barnard*, 490 F.2d 907, 912 (9th Cir.1973) ("[C]ompetency is for the judge, not the jury. Credibility, however, is for the jury–the jury is the lie detector in the courtroom."). Furthermore, the district court did not abuse its discretion by declining wholly to exclude Petersen's testimony as unfairly prejudicial. *See Liew v. Official Receiver & Liquidator*, 685 F.2d 1192, 1195 (9th Cir.1982) ("A trial court has very broad discretion in applying Rule 403 and, absent abuse, the exercise of its discretion will not be disturbed on appeal.").

### III

Sufficient evidence supports Lence's conspiracy conviction. There is clear evidence in the record of at least one overt act within the statute of limitations. Jury members "are presumed to follow their instructions," *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987), which here correctly required unanimous agreement upon one of those acts. Given the circumstantial evidence supporting Lence's conviction, including his own letters, Petersen's qualifications as a witness were not "so shoddy that a verdict of acquittal should have been directed"

*Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.").

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Lence's claim of vouching by introduction of witness plea agreements was raised only in his reply brief, so we will not address it. *See*

for constitutionally insufficient evidence. *Lyda v. United States*, 321 F.2d 788, 795 (9th Cir.1963). The fact that some conspirators had no personal knowledge of Lence's involvement does not affect his conviction in this case. *See United States v. Herrera–Gonzalez*, 263 F.3d 1092, 1095 (9th Cir.2001) (holding that a given conspirator "need not have known all the conspirators" and that a "connection to the conspiracy may be inferred from circumstantial evidence"). Sufficient evidence also supports Lence's bank fraud convictions because the "structure of the transactions alone suggests an intent to defraud." *United States v. Molinaro*, 11 F.3d 853, 857 (9th Cir.1993). Finally, a "defendant who has stipulated to the admission of evidence cannot later complain about its admissibility." *United States v. Technic Servs., Inc.*, 314 F.3d 1031, 1045 (9th Cir.2002). Based on the declaration that was stipulated as part of the evidentiary record, a rational jury could conclude that the bank was insured by the FDIC at all relevant times.

## IV

With respect to the cross-appeal of Lence's sentence, the district court's downward departure cannot survive de novo review as required by *United States v. Phillips*, 356 F.3d 1086, 1098–99 (9th Cir. 2004). Whether Lence was misled to believe that he would receive a large sum of money in the future simply does not relate to his decision to engage in intentionally fraudulent activity targeting a financial institution. Such expectation thus cannot support a determination that Lence's criminal conduct fell outside the heartland of typical bank fraud. Petersen's sentence is also an improper basis for a downward departure given that he was convicted of different crimes. *See United States v. Caperna*, 251 F.3d 827, 831 (9th Cir.2001) ("[A] district court may not depart based on co-defendant sentence disparity if the co-defendant was convicted of a different offense than the defendant."). Similarly, the loss of Lence's professional licenses cannot support a downward departure in this case because his abuse of those very licenses increased his sentence under U.S.S.G. § 3B1.3. Lence's family situation is entirely unextraordinary, and likewise cannot justify a departure. *See, e.g., United States v. Berlier*, 948 F.2d 1093, 1096 (9th Cir.1991). Therefore, none of the district court's reasons, either alone or taken together, support a deviation from Lence's guideline-imposed sentence and the case must be remanded for resentencing.

## V

For the foregoing reasons, we AFFIRM the conviction, VACATE the sentence, and REMAND for resentencing consistent with this disposition.