# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

            v.

JOHN A. LENCE,
                    *Defendant-Appellant.*

No. 05-30236

D.C. No.
CR-00-00035-SEH

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted
January 13, 2006—Portland, Oregon

Filed July 27, 2006
Amended October 25, 2006

Before: Diarmuid F. O'Scannlain, Susan P. Graber, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge O'Scannlain

17813

## COUNSEL

James C. Bartlett, Kalispell, Montana, and Daniel Donovan, Thompson, Potts & Donovan, P.C., Great Falls, Montana, argued the cause for the appellant and were on the briefs.

Ellen R. Meltzer, United States Department of Justice, Fraud Section, Criminal Division, Washington, D.C., argued the cause for the appellee. William W. Mercer, United States Attorney, District of Montana, Patrick M. Donley, and Nicola J. Mrazek, United States Department of Justice, Washington, D.C., were on the brief.

## ORDER

The opinion filed July 27, 2006, is hereby ordered amended as follows:

Slip Op. at 8422: Delete the old Section II.B, which comprises ¶¶ 3-4 and note 2

(from "That being said" to "original sentencing judge.[2]")

Slip Op. at 8422: Insert a new Section II.B, which reads as follows:

"That being said, we have not yet decided *who* should preside at a full resentencing hearing on remand following *Booker* error. We believe the proper course is for the original sentencing judge to conduct the resentencing, particularly

where the judge felt strongly enough to make on-the-record statements about the propriety of the sentence he was required to impose under the Guidelines.

Thus, when a defendant preserves a claim of Sixth Amendment error and the sentencing judge—operating under pre-*Booker* mandatory Guidelines—expresses doubts about the Guidelines sentence being the correct sentence, that judge ordinarily should conduct the resentencing. This course allows the judge to assess subjectively whether he felt compelled to impose the Guidelines sentence. A defendant who preserves a claim of error should receive no less of a chance to benefit from this subjective assessment than a defendant who fails to preserve a claim of error and obtains a limited *Ameline* remand.

This rule does not extend to situations in which resentencing by the original sentencing judge would be unjust (as in the case of a pending complaint of misconduct against that judge) or impractical (as in the case of judicial disability, retirement, recusal, or death).[2] In such extenuating circumstances, reassignment is permissible and the reason should be noted in the record.

Thus, we conclude that Lence should be resentenced by Chief Judge Molloy, unless an extenuating circumstance requires reassignment.[3]"

---

[2]This court noted in *Ameline* that "in some cases the original sentencing judge may no longer be available, due to death, disability or retirement" but concluded that the "sentencing judge's unavailability will not necessarily result in an inability to proceed." *Ameline*, 409 F.3d at 1079 n.3. Likewise, although we believe that resentencing by the original judge is proper in the case of preserved error, another judge may resentence if necessary.

[3]In light of our holding, we need not consider Lence's claim that Judge Haddon's sentence was the product of vindictiveness. Nor need we address the proper standard of proof for judge-found facts used to apply sentencing enhancements, a question we have already resolved. *See, e.g.*, *United States v. Williams*, 441 F.3d 716, 725 (9th Cir. 2006) (applying a preponderance standard to a "vulnerable victim" enhancement).

The mandate shall issue forthwith.

## **OPINION**

O'SCANNLAIN, Circuit Judge:

We must decide whether a criminal defendant has a right to be resentenced by his original sentencing judge on remand following *Booker* error.

### I

In June 2002, a jury convicted John Lence, an attorney and certified public accountant, of fourteen counts of bank fraud and one count of conspiracy to commit bank fraud. Chief Judge Donald W. Molloy presided at Lence's trial and sentencing and calculated a base offense level of 6 with enhancements for amount of loss, more than minimal planning, and abuse of trust, resulting in an adjusted offense level of 20 and a sentencing range of 33-41 months.

Chief Judge Molloy granted a downward departure because he termed Lence's offense "outside of the heartland." He also considered Lence's relationship with his children and the loss of Lence's law and certified public accountant licenses. He imposed a sentence of 24 months, the bottom of the sentencing range after the downward departure, a $7,500 fine, and three years of supervised release, stating at the time:

> [I]t's probably not the sentence I would give you, if I didn't have the guidelines; I would give a different sentence. But under the circumstances, I'm going to give you a sentence at the lowest end of the guidelines that I can, based upon the counts of conviction and the determinations that I have made over the objections of the government and over your objec-

tions with respect to what those guidelines are that I have previously stated.

Lence appealed, and the government cross-appealed. In an unpublished disposition, we affirmed Lence's conviction but vacated his sentence and remanded for resentencing, holding the downward departure to be an abuse of discretion. *United States v. Lence*, 92 Fed. App'x 505 (9th Cir. 2004) (unpublished decision).

Upon remand, Chief Judge Molloy resentenced Lence in July 2004. Lence again requested a downward departure and argued that use of any sentencing enhancements would violate the Sixth Amendment. Judge Molloy found that the amount-of-loss enhancement could be applied because the amount was specifically charged in Lence's indictment, but he did not rule on the abuse-of-trust or more-than-minimal-planning enhancements. The government, expressing concern in light of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), asked the court not to apply those enhancements.

Thereupon, Chief Judge Molloy sentenced Lence to 21 months, two years of supervised release, and a $7,500 fine and rejected the request for a downward departure. Before imposing a sentence at the bottom of the now 21-27 month sentencing range, Judge Molloy remarked:

> Well, I think he's about 21 months higher than he ought to be, but I'm not going to accept that. I think that the sentence here, 21 months is an appropriate sentence, given the jury's findings, and based upon the evidence.

Lence appealed his newly-imposed sentence.

While that appeal was pending, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). Based on that

decision, Lence filed an unopposed motion to have his sentence vacated and his case remanded for resentencing under the now-advisory Guidelines, which we granted.

On this second remand, Chief Judge Molloy transferred the case to Judge Sam E. Haddon. Judge Haddon held a new sentencing hearing after reviewing the case materials. He applied the amount-of-loss, more-than-minimal-planning, and abuse-of-trust enhancements, calculating an adjusted offense level of 20. Finding the resulting Guidelines' range of 33-41 months to be reasonable, Judge Haddon sentenced Lence to 33 months, three years of supervised release, and a $7,500 fine.

Lence timely appeals from the sentence imposed by Judge Haddon. Because he has served approximately 17 months of his sentence, following oral argument, we granted Lence's motion for release pending resolution of this appeal.

II

Lence argues that he should have been resentenced by Chief Judge Molloy, that any sentencing enhancements must be based on facts proved beyond a reasonable doubt, that Judge Haddon's sentence was the result of vindictiveness, and that the government should have been estopped from seeking the more-than-minimal-planning and abuse-of-trust enhancements.

A

**[1]** We first address Lence's claim that he was entitled to be resentenced by his original sentencing judge, Chief Judge Molloy. Lence claims that his resentencing should have been conducted according to the procedures set forth in *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc). In *Ameline*, we considered the proper relief to be afforded defendants who did not preserve their claims of *Booker* error at sentencing. *Id.* at 1074. We concluded that such defendants

are entitled to a limited remand to determine "whether the sentence would have been different had the court known that the Guidelines were advisory." *Id.* at 1079. A limited remand is the only practical way for a reviewing court to determine whether plain error had been committed; the limited remand is intended to resolve only this question—whether any sentencing error affected the defendant's substantial rights. *Id.* at 1078-79. When a sentencing judge determines that he would have imposed a different sentence under advisory Guidelines, the defendant receives a full resentencing hearing. *Id.* at 1078-79.

[2] Critically, *Ameline* does not apply to preserved claims of *Booker* error, and Lence preserved his claim by objecting to Chief Judge Molloy's use of the amount of loss enhancement at his second resentencing. In his opening brief, Lence himself notes that his case "remains on direct appeal with his constitutional errors preserved" and that he "preserved his constitutional issues." Therefore, Lence was entitled to a full resentencing under *Booker*, 543 U.S. at 267-68, not a limited *Ameline* remand.[1] *See United States v. Ruiz-Alonso*, 397 F.3d 815, 820 (9th Cir. 2005).

---

[1] In any event, even under *Ameline* a limited remand would be unnecessary where, as here, the sentencing judge explicitly stated that he would have imposed a different sentence were it not for the mandatory Guidelines. In *United States v. Labrada-Bustamante*, 428 F.3d 1252, 1261-62 (9th Cir. 2005), we vacated a defendant's sentence and remanded for resentencing because the sentencing judge emphasized his lack of control over the sentence he was required to impose, a sentence he called "very, very severe" and "extraordinarily long [ ] for a first offender." We specifically remarked that the case was "one of those rare cases where the district court stated on the record that he felt compelled to impose a harsher sentence because of the mandatory nature of the Guidelines." *Id.* at 1262.

The present case is another such "rare" case. Chief Judge Molloy's statements parallel those in *Labrada-Bustamante*. He stated that the sentence mandated by the Guidelines was "probably not the sentence I would give you, if I didn't have the guidelines; I would give a different sentence." At Lence's second sentencing, he opined that Lence's 21-month sentence was "21 months higher than [it] ought to be." Thus, even had he not preserved his claim of error, Lence would still be entitled to a full resentencing under *Labrada-Bustamante*.

## B

**[3]** That being said, we have not yet decided *who* should preside at a full resentencing hearing on remand following *Booker* error. We believe the proper course is for the original sentencing judge to conduct the resentencing, particularly where the judge felt strongly enough to make on-the-record statements about the propriety of the sentence he was required to impose under the Guidelines.

**[4]** Thus, when a defendant preserves a claim of Sixth Amendment error and the sentencing judge—operating under pre-*Booker* mandatory Guidelines—expresses doubts about the Guidelines sentence being the correct sentence, that judge ordinarily should conduct the resentencing. This course allows the judge to assess subjectively whether he felt compelled to impose the Guidelines sentence. A defendant who preserves a claim of error should receive no less of a chance to benefit from this subjective assessment than a defendant who fails to preserve a claim of error and obtains a limited *Ameline* remand.

This rule does not extend to situations in which resentencing by the original sentencing judge would be unjust (as in the case of a pending complaint of misconduct against that judge) or impractical (as in the case of judicial disability, retirement, recusal, or death).[2] In such extenuating circumstances, reassignment is permissible and the reason should be noted in the record.

---

[2]This court noted in *Ameline* that "in some cases the original sentencing judge may no longer be available, due to death, disability or retirement" but concluded that the "sentencing judge's unavailability will not necessarily result in an inability to proceed." *Ameline*, 409 F.3d at 1079 n.3. Likewise, although we believe that resentencing by the original judge is proper in the case of preserved error, another judge may resentence if necessary.

**[5]** Thus, we conclude that Lence should be resentenced by Chief Judge Molloy, unless an extenuating circumstance requires reassignment.[3]

## III

Because we return the case to the district court for yet another resentencing, we must address Lence's contention that the government is estopped from seeking application of the more-than-minimal-planning and abuse-of-trust enhancements that it asked Chief Judge Molloy not to apply at Lence's second sentencing hearing.

**[6]** "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Most commonly the doctrine is "applied to bar a party from making a factual assertion in a legal proceeding which directly contradicts an earlier assertion made in the same proceeding or a prior one." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) (internal quotation marks omitted). An inconsistent factual or legal position is a threshold requirement of the doctrine. *Yanez v. United States*, 989 F.2d 323, 326 (9th Cir. 1993).

**[7]** The record indicates that the government has not taken such a position. The government never argued that the enhancements were not warranted or not supported by the facts, only that they had not been proved to a jury. It argued for—and Chief Judge Molloy applied—the enhancements in

---

[3]In light of our holding, we need not consider Lence's claim that Judge Haddon's sentence was the product of vindictiveness. Nor need we address the proper standard of proof for judge-found facts used to apply sentencing enhancements, a question we have already resolved. *See, e.g.*, *United States v. Williams*, 441 F.3d 716, 725 (9th Cir. 2006) (applying a preponderance standard to a "vulnerable victim" enhancement).

question at Lence's first sentencing. At his second sentencing, the government asked the court not to apply them, based solely on the considerable confusion wrought by *Blakely*'s alteration of sentencing law. By Lence's third sentencing, however, the Supreme Court in *Booker* had resolved the concerns raised by *Blakely*, clarifying that under the now-advisory Guidelines, judicial consideration of additional facts does not violate the Sixth Amendment. *See Ameline*, 409 F.3d at 1077-78. Thus, at no time did the government take a position that was "clearly inconsistent with its earlier position." *Hamilton*, 270 F.3d at 782 (internal quotation marks omitted).

**[8]** Chief Judge Molloy's accommodation of the government's request at Lence's second sentencing does not indicate that he was misled. *Id.* Chief Judge Molloy was fully cognizant of the uncertainties created by *Blakely* and the legitimate reasons for the government's position. The government does not derive an unfair advantage or impose an unfair detriment on Lence if it is allowed to seek these enhancements at his resentencing, particularly when the sentencing judge has considerable discretion post-*Booker* in choosing an appropriate sentence. *Id.* at 783. Thus, we cannot say that the balance of equities supports application of judicial estoppel in these circumstances. The government is therefore free to seek application of the more-than-minimal-planning and abuse-of-trust enhancements at Lence's resentencing.

## IV

In summary, we vacate Lence's sentence and remand to the district court for resentencing by the original sentencing judge. At such fourth sentencing hearing, the government is not estopped from seeking application of the more-than-minimal-planning and abuse-of-trust enhancements.

**SENTENCE VACATED and REMANDED FOR RESENTENCING.**