**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LENCE FAMILY TRUST, | No. 16-35223 |
| Plaintiff-Appellant, | D.C. No. 9:12-cv-00171-DWM |
| v. | |
| ELMER C. CHRISTENSEN; LANDTECH ENTERPRISES LTD, CO, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted November 9, 2017**
Portland, Oregon

Before: TASHIMA and W. FLETCHER, Circuit Judges, and LASNIK,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Appellant Lence Family Trust appeals the district court's finding that Appellees Landtech Enterprises Ltd. Co. ("Landtech Ltd.") and Elmer Christensen's 2005 Release of All Claims ("2005 Release Agreement") was enforceable under Montana Law. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order *de novo*. *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1091 (9th Cir. 2005).

The district court applied the appropriate standard when considering, on remand, the possible unconscionability of the 2005 Release Agreement. A determination of unconscionability resides with the Court. MCA § 30-2-302(2). It is the burden of the party seeking to void a provision to raise sufficient facts demonstrating a contract's unconscionability. *Fisher ex rel. McCartney v. State Farm Mut. Auto. Ins. Co.*, 305 P.3d 861, 872 (Mont. 2013). Appellant failed to demonstrate that the 2005 Release Agreement was unconscionable.

Under Montana Law, unconscionability requires a two-fold analysis, addressing: (1) whether the Lence Family Trust had a meaningful choice when it agreed to the 2005 Release Agreement; and (2) whether the contractual terms were within the Lence Family Trust's reasonable expectations, or were unreasonably favorable to the drafter. *Id*. No single factor is determinative of unconscionability; however, it may be evinced where there is "unequal bargaining power, lack of

2

meaningful choice, oppression, and exploitation of the weaker party's vulnerability or lack of sophistication." *Kelly v. Widner*, 771 P.2d 142, 145 (Mont. 1989).

Appellant failed to show that it did not have a meaningful choice. John Lence is the senior trustee of the Lence Family Trust. Lence was incarcerated at the time he signed the 2005 Release Agreement. James Bartlett, an attorney for Landtech, served as a conduit for Lence, during his correspondence with Appellees and Gary Jackson, an attorney representing Landtech Ltd. Jackson sent the 2005 Release Agreement to Bartlett and Lence for initial consideration. After receiving the 2005 Release Agreement, Bartlett asked Jackson for documents verifying the value of the company. Jackson informed Bartlett that since Lence did not own a membership interest in Landtech Ltd., he would not receive the requested information. The signed 2005 Release Agreement explicitly states that the Lence Family Trust "had an opportunity to obtain advice from counsel" before signing. Moreover, Appellant failed to return the $100,000 in consideration, despite its Notice of Recession. *See* Mont. Code Ann. § 28-2-1713.

Appellant also failed to show the contractual terms were unreasonably favorable to Appellees. Whether the terms were unreasonably favorable to the drafter turns on whether the terms were within Appellant's reasonable

3

expectations. *Arrowhead Sch. Dist. No. 75 v. Klyap*, 79 P.3d 250 54 (Mont. 2003).

The terms of the 2005 Release Agreement contained no ambiguity. *Kelly*, 771 P.2d at 144-145. Appellees required that Appellant affirmatively acknowledge its lack of membership interest in Landtech Ltd. and that Lence understood the contract.

Sophistication of the parties weighs heavily in determining whether unconscionability exists. *Pennington's, Inc. v. Brown-Forman Corp.*, 785 F. Supp. 1412, 1415-16 (D. Mont. 1991). When the 2005 Release Agreement was executed, Lence was the senior trustee for the Lence Family Trust. He was also an attorney and a certified public accountant.

A party claiming economic duress must show the opposing party caused the economic duress which hindered its freedom of choice. *Stanley v. Holms*, 975 P.2d 1242 ¶¶ 35-38 (Mont. 1999). Lence's financial distress was not caused by Appellees. *United States v. Lence*, 466 F.3d 721, 723 (9th Cir. 2006). Additionally, the financial situation of the Lence Family Trust at the time the 2005 Release Agreement was signed is unknown because Appellant refused to produce its financial or organizational information in discovery.

4

Inadequacy of consideration does not by itself invalidate a contract, but may be a factor in determining conscionability. *Kelly*, 771 P.2d at 145. Lence and the Lence Family Trust never held a membership interest in Landtech Ltd., but the Trust received $100,000 in spite of its admitted lack of membership interest.

**AFFIRMED.**