**Jason SMITH, Plaintiff,**

v.

**LOWE'S HOME CENTERS, INC., et al., Defendants.**

**No. CIV.A. 2:04–CV–774.**

United States District Court,
S.D. Ohio,
Eastern Division.

May 5, 2006.

Rebecca L. Georgia, Coviello & Mariotti LLC, Moosie, PA; Peter D. Winebrake, Robert Andrew Santillo, Trujillo, Rodriguez & Richards, LLC, Philadelphia, PA; Robert E. Derose, II, Sanford Alan Meizlish, Barkan, Neff, Handelman, Meizlish, LLP, Edward Reilley Forman, Marshall and Morrow LLC, John Spenceley Marshall, Columbus, OH; Anthony Ray Reeves, Barkan & Neff, Tampa, FL; Joseph Mariotti, Coviello & Mariotti LLC, Moosie, PA; Mary D. Walsh-Dempsey, Todd J. O'Malley, O'Malley & Langan PC, Scranton, PA, for Plaintiff.

Amy Poland Toepper, David L. Christlieb, Garrison L. Phillips, John A. Ybarra, Littler, Mendelson PC, Chicago, IL, and David Anthony Kadela, Columbus, OH, for Defendants.

## *OPINION AND ORDER*

KING, United States Magistrate Judge.

### BACKGROUND

The named plaintiffs bring this action on behalf of themselves and other employees subject to Lowe's "Salaried Plus Overtime Eligible Compensation Plan" under the Fair Labor Standards Act of 1938 ["FLSA"], 29 U.S.C. § 216(b), and the Ohio Minimum Wage Act, ["OMWA"], O.R.C. § 4112.01 *et seq.* Plaintiffs allege that certain salaried employees, with such job titles as Department Manager, Assistant Department Manager and Specialist, are not exempt from the overtime requirements of the FLSA and OMWA, *Complaint,* ¶ 16, Doc. No. 1, are routinely required to work more than 40 hours per week. *Id.,* ¶ 18, and are paid at a rate calculated using a federal regulation commonly known as the Fluctuating Workweek Method ["FWM"] of overtime compensation, 29 C.F.R. § 778.114, *Id.,* ¶ 19–20.

██ An employer may use the FWM if four conditions are satisfied: (1) the employee's hours of work must fluctuate from week to week; (2) the employee must receive a fixed salary that does not vary with the number of hours worked during the week (excluding overtime premiums); (3) the amount of salary must be sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he or she worked is greatest; and (4) the employer and employee must share a "clear mutual understanding" that the employer will pay

that fixed salary regardless of the number of hours worked. *O'Brien v. Town of Agawam*, 350 F.3d 279, 288 (6th Cir.2003); 29 C.F.R. § 778.114. "Although the fluctuating workweek method of overtime compensation results in lower earnings per hour as the number of hours increases, the [FLSA] permits its implementation." *Highlander v. K.F.C. Nat'l Mgmt. Co.*, 805 F.2d 644, 647–48 (6th Cir.1986).

Plaintiffs allege that application of the FWM calculation of overtime to these non-exempt salaried employees is inappropriate because they never "work fewer than 40 hours." *Complaint,* ¶ 21.[1] Moreover, it is also alleged that these employees are not provided "information sufficient to establish a clear mutual understanding that the salary is fixed and constitutes compensation (apart from overtime premiums) for the hours worked each workweek...." *Id.,* ¶ 24.

Defendant concedes that it uses the FWM method to calculate overtime compensation, but denies any error in doing so. *Answer,* Doc. No. 7.

The action was brought as a collective action under the FLSA and as a class action under F.R.Civ.P. 23 on behalf of the following:

> All current or former Lowe's Non–Exempt Salaried Employees, including, *inter alia,* employees holding the titles of Department Manager, Assistant Department Manager and Specialist in any Ohio stores who worked overtime while employed as Non–Exempt Salaried Employees and were compensated for such overtime work at an amount equal or less than one and one-half the employee's regular rate of pay based on a 40–hour workweek.

*Complaint,* ¶¶ 31, 32.

On May 11, 2005, the Court granted plaintiffs' motion to provide notice to potential opt-in plaintiffs pursuant to the provisions of 29 U.S.C. § 216(b). *Opinion and Order,* Doc. No. 58. More than 1,500 individuals have opted in as plaintiffs in the collective action. Defendant anticipates filing a motion

to de-certify the collective action following completion of discovery and plaintiffs anticipate filing a motion to certify a class of plaintiffs under Rule 23.

Defendant propounded interrogatories and requests for production of documents to each opt-in plaintiff. This matter is now before the Court on plaintiffs' motion for a protective order limiting the discovery to which defendant is entitled to a representative sample of 90 randomly selected individuals among the more than 1,500 opt-in plaintiffs. *Plaintiffs' Motion for a Protective Order,* Doc. No. 575. Defendant insists that it is entitled to the written discovery propounded by it to each of the 1,500 opt-in plaintiffs, but offers to limit its depositions to 10% of those parties, or 150 depositions. *Memorandum contra Motion for Protective Order,* at p. 2, Doc. No. 581.

## STANDARD

■ Under F.R. Civ. P. 26, the Court may order, upon a showing of good cause, that certain matters not be inquired into or that the scope of discovery be limited to specific matters. In large or complex litigation, the Court may limit the scope of discovery to protect a party from unduly burdensome discovery requests. *See, e.g., Adkins v. Mid–America Growers, Inc.,* 141 F.R.D. 466 (N.D.Ill.1992) [in FLSA class action, discovery should be conducted on a class-wide basis, rather than on an individual basis, in light of the burden of such individualized discovery on plaintiffs' counsel].

## COLLECTIVE ACTIONS UNDER THE FLSA

The FLSA authorizes an action "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). It is generally recognized that, at trial, the testimony of "fairly representative employees" may form the basis for a determination of liability and back wages, even in the absence of testimony from all employees. *Department of Labor v. Cole Enterprises, Inc.,* 62 F.3d 775, 781 (6th Cir.1995).

---

1. This Court has recently concluded that application of 29 C.F.R. § 778.114 does not require that an employee's hours fluctuate above and below

40 per week. *Mitchell v. Abercrombie & Fitch,* 428 F.Supp.2d 725, 733–34 (S.D.Ohio 2006)(Sargus, J.), *appeal pending.*

Courts are in general agreement that the certification of a collective action under the FLSA should proceed in two stages. The preliminary certification is intended to provide notice and opportunity to opt in. The named plaintiff's burden at this stage is "fairly lenient," and requires only "a modest factual showing" that he or she is similarly situated to the other employees sought to be notified. *Harrison v. McDonald's Corp.*, 411 F.Supp.2d 862, 864, 865, (S.D.Ohio 2005) citing *Olivo v. GMAC Mortgage Corp.*, 374 F.Supp.2d 545, 548 (E.D.Mich.2004). Thereafter, a defendant may file a motion for decertification, challenging the earlier preliminary determination that employees are sufficiently similarly situated. *Id.*

At the de-certification stage, usually after discovery and shortly prior to trial, the Court determines whether or not the opt-in collective plaintiffs are "similarly situated" within the meaning of the FLSA. If the Court concludes that they are, the collective action proceeds to trial; if the claimants are not similarly situated, the district court de-certifies the class, the opt-in plaintiffs are dismissed without prejudice and the original named plaintiffs proceed to trial on their individual claims. *Id.* Among the factors to be considered at the de-certification stage are "the disparate factual and employee settings of the individual plaintiffs; the various defenses available to the defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiff made any required filings before instituting suit." *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir.2001).

Plaintiffs contend that to permit discovery of all 1,500 opt-in plaintiffs would be unreasonably burdensome and would result in a duplication of discovery to an unwarranted degree. Instead, plaintiff propose the use of statistical sampling and limiting discovery to 90 opt-in plaintiffs. In response, defendant insists that the written discovery propounded to all 1,500 opt-in plaintiffs is necessary to establish, during de-certification proceedings,

that not all members of the collective class are "similarly situated" within the meaning of the FLSA.[2]

## DISCUSSION

■ Whether opt-in plaintiffs in a collective action should be treated as ordinary party plaintiffs, subject to the full range of discovery, has been the subject of discussion. Some courts have permitted—if not required—individualized discovery addressed to all opt-in plaintiffs. *See, e.g., Coldiron v. Pizza Hut, Inc.*, 2004 WL 2601180, *2, 2004 U.S. Dist. LEXIS 23610, *5–6 (C.D.Cal., October 25, 2004) [permitting discovery of all 306 opt-in plaintiffs]; *Krueger v. New York Telephone Co.*, 163 F.R.D. 446 (S.D.N.Y. 1995) [authorizing discovery addressed to all 152 opt-in plaintiffs]; *Rosen v. Reckitt & Colman, Inc.*, 1994 WL 652534 (S.D.N.Y. 1994) [permitting depositions of all 49 opt-ins]; *Brooks v. Farm Fresh, Inc.*, 759 F.Supp. 1185, 1188 (E.D.Va.1991) [authorizing depositions of all 127 opt-ins]; *Kaas v. Pratt & Whitney*, 1991 WL 158943, *5 (S.D.Fla.1991) [authorizing individualized discovery of all 100 opt-in plaintiffs].

Other courts, however, have held that collective actions under the FLSA should be governed by the same standards as govern discovery in Rule 23 class actions and should be limited to only class wide and class based discovery. To permit individualized discovery, the reasoning goes, would undermine the purpose and utility of both class and collective actions. *Adkins v. Mid–America Growers, Inc., supra*, 141 F.R.D. 466. For example, some courts have limited discovery to only representative samples. *See, e.g., Bradford v. Bed Bath & Beyond, Inc.*, 184 F.Supp.2d 1342, 1344 (N.D.Ga.2002)["[T]he parties were allowed to conduct discovery from 25 of the opt-in plaintiffs, including the named plaintiffs and six other opt-in plaintiffs chosen by defendant."]

This Court agrees that limiting discovery to a statistically significant representative sampling, at this juncture, will both reason-

---

**2.** Defendant also criticizes as burdensome the discovery requests made by plaintiffs and addressing the more than 5,000 members of the putative Rule 23 class. In their reply, however,

plaintiffs agreed to limit even their own discovery requests. in conformity with their proposed random statistical sampling. *Plaintiffs' Reply*, Doc. No. 585, at p. 2.

ably minimize the otherwise extraordinary burden imposed on the plaintiffs and their counsel [3] and yet afford the defendant a reasonable opportunity to explore, discover and establish an evidentiary basis for its defenses. The Court will therefore limit the discovery appropriate to the de-certification and class certification proceedings to a statistically significant sample. However, if, after conducting the discovery of the representative sample, defendants can demonstrate to the Court that broader discovery is appropriate and necessary, the defendants can so move.

## PLAINTIFFS' PROPOSAL

Relying on the opinions and recommendations of a statistician, Linda Volnino, Ph.D., attached as *Exhibit 4* to *Plaintiffs' Motion for Protective Order*, plaintiffs propose utilizing a sample of 90 individuals. Defendant challenges the proposed statistical sampling and statistical model utilized by plaintiffs' expert.

The Court agrees that the proposed inquiry attached as Exhibit 5 to *Plaintiffs' Motion for Protective Order* fails to fully or even meaningfully address either defendant's concerns or the issues relevant to the anticipated motions to decertify and certify. The parties are therefore **DIRECTED** to confer with each other with a view to formulating an appropriate methodology for arriving at a meaningful sampling of the opt-in class for purposes of discovery. The parties must meet and confer prior to the next **status conference to be held in this case on Friday May 26, 2006, at 10:00 a.m.**

Moreover, the Court **ESTABLISHES** the following schedule that will govern further proceedings in this case:

Primary experts must be designated, consistent with F.R. Civ. P. 26(a)(2), no later than July 31, 2006. Rebuttal designations in conformity with Rule 26(a)(2) must be made no later than August 31, 2006.

All discovery must be completed by September 30, 2006.

Motions to de-certify the collective action under the FLSA and to certify a class under F.R.Civ.P. 23 must be filed no later than October 31, 2006. Briefing of the motions will be in conformity with the Local Rules of this Court. S.D.Ohio L.R. 7.2.

Motions for summary judgment may be filed no later than thirty (30) days following resolution of the anticipated motions to de-certify and to certify.

**IT IS SO ORDERED.**

---

**3.** Defendant contends that the discovery requests propounded to all the opt-in plaintiffs are not in themselves burdensome to the individual opt-in plaintiffs and appear to suggest that any burden on plaintiffs' counsel should be disregarded. *Memorandum contra Plaintiffs' Motion for Protective Order,* Doc. No. 581, at p. 7 n. 3. According

to defendant the burden on plaintiffs' counsel is "only present to the extent Plaintiffs' counsel desires to assist each individual opt-in Plaintiff in preparing his/her responses." *Id.* It would be irresponsible indeed for class counsel to fail to assist each client in preparing his or her discovery responses.