**Sean COLES, etc.,**

v.

**NYKO TECHNOLOGIES, INC.,
a California corporation.**

**No. CV 07–2977–FMC(RCx).**

United States District Court,
C.D. California.

Nov. 27, 2007.

Jason J. Rudolph, Wayne S. Kreger, Milstein Adelman and Kreger, Santa Monica, CA, for Sean Coles, etc.

Dan P. Sedor, Jeffer, Mangels, Butler & Marmaro, Los Angeles, CA, for Nyko Technologies, Inc., a California corporation.

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT NYKO TECHNOLOGIES, INC.'S MOTION TO COMPEL PRODUCTION OF PLAINTIFF'S INTERCOOLER 360 AND XBOX 360 FOR INSPECTION AND TESTING**

ROSALYN M. CHAPMAN, United States Magistrate Judge.

On November 7, 2007, defendant Nyko Technologies, Inc. filed a notice of motion and motion to compel production of plaintiff's Intercooler 360 and Xbox 360 for inspection and testing, a joint stipulation, and the supporting declaration of Dan P. Sedor ("Sedor Decl.") with exhibits, and on November 14, 2007, defendant filed its supplemental memorandum and the supplemental declaration of Dan P. Sedor ("Suppl. Sedor Decl.") with exhibit. This matter is decided in Chambers without oral argument, pursuant to Local Rule 7–15.

## BACKGROUND

### I

On April 9, 2007, plaintiff Sean Coles, individually and on behalf of all others similarly situated, filed an amended class action complaint against Nyko Technologies, Inc., a Delaware Corporation, and Does 1–10 claiming: the violation of California Business & Profes-

sions Code ("B.P.C.") §§ 17200 et seq. (unfair competition), the violation of B.P.C. §§ 17500 et seq. (false advertising), breach of express warranty, the wilful violation of California's Song–Beverly Consumer Warranty Act, and violation of California's Consumer Legal Remedies Act. On May 7, 2007, defendant Nyko removed the class action to this district court, and on May 14, 2007, defendant Nyko answered the complaint and raised several affirmative defenses.

The gravamen of this class action is that defendant Nyko manufactures and markets Intercooler 360, which "is an external snap-on cooling system specifically designed to reduce the internal operating temperature of Microsoft's Xbox 360 gaming and entertainment console." First Amended Complaint ("FAC") ¶ 8 (footnote omitted). "[T]he Xbox 360s contain several heat-sensitive computer chips designed to shut the consoles down when internal temperatures soar too high. After short periods of use, the Xbox 360s were widely reported to automatically shut down, rendering the consoles inoperable." FAC ¶ 9. "[A]lthough designed to remedy defects in the Xbox 360, consumers soon discovered that the Intercooler 360's own defects actually exacerbated the defects in the Xbox 360...." FAC ¶ 13. Specifically, consumers discovered "the Intercooler 360 had numerous fundamental defects ..., including, *inter alia:* freezing, skipping, synchronization problems, disc error messages, pixelization problems, and ironically, overheating." *Id.* Plaintiff seeks certification of the action as a class action and designation as representative of the class and plaintiff's counsel as class counsel, restitution and disgorgement of amounts obtained by defendant Nyko from its alleged misconduct, damages, injunctive relief and an order requiring defendant Nyko to engage in corrective notice and implement repairs, punitive damages, reasonable attorney's fees, and the like.

On August 27, 2007, District Judge Florence–Marie Cooper issued a trial order setting, among other things, a discovery cut-off date on class issues of October 29, 2007, and a discovery cut-off date on the merits of May 5, 2008.

## II

On September 12, 2007, defendant Nyko served a notice of deposition setting plaintiff's deposition for October 15, 2007, and plaintiff's deposition was continued to October 22, 2007. Sedor Decl. ¶¶ 2–3, 7, Exh. B. Attached to the notice of plaintiff's deposition was Request no. 15, that plaintiff produce his Intercooler 360 unit for inspection, and Request no. 16, that plaintiff produce his Xbox 360 for inspection. *Id.* ¶ 2, Exh. B. Plaintiff objected to both requests on several grounds, including that the requests were "premature and impermissible merit discovery" in violation of Judge Cooper's Order of August 27, 2007. *Id.* At plaintiff's deposition on October 22, 2007, plaintiff did not produce for inspection and testing either his Intercooler 360 or his Xbox 360. *Id.* ¶ 7; Suppl. Sedor Decl. ¶ 5, Exh. A.

## DISCUSSION

## III

Local Rule 37–1 requires a meet-and-confer between counsel prior to the filing of any discovery motion under Federal Rules of Civil Procedure 26–37. It specifically provides that it is "the responsibility of counsel for the moving party to arrange for this conference." Local Rule 37–1. Further, it requires the moving party send a letter to the opposing party, and that letter:

> shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery ordered to be sought. *Id.*

 Here, plaintiff complains defendant Nyko has not complied with the requirements of Local Rule 37–1 in that the email letter sent by defendant Nyko's counsel to plaintiff's counsel did not cite any legal authority for defendant Nyko's position. Plaintiff, thus, asserts defendant Nyko's motion to compel should be taken off calendar. The Court, having reviewed all documents, agrees that the email letter from defendant Nyko's counsel failed to cite legal authority support-

ing defendant Nyko's position. However, since the dispute between the parties addresses solely the interpretation of Judge Cooper's Order of August 27, 2007, the Court finds that failure to be harmless.

## IV

Rule 34 is one of the discovery tools available to litigants in the federal courts. *Hill v. Bauer,* 242 F.R.D. 556, 560 (C.D.Cal.2007); *Keith H. v. Long Beach Unified School Dist.,* 228 F.R.D. 652, 655 (C.D.Cal.2005). It broadly provides:

> Any party may serve on any other party a request ... to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect, copy, test or sample any designated ... tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody, or control of the party upon whom the request is served[.]

Fed.R.Civ.P. 34(a). Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party...." Fed.R.Civ.P. 26(b)(1).

■ There is no dispute between the parties whether plaintiff's Intercooler 360 and Xbox 360 are tangible things that may be inspected and tested by defendant Nyko, or whether plaintiff has possession, custody or control of these tangible things. Rather, the dispute between the parties focuses on whether defendant Nyko's inspection and testing should take place during the initial "class" discovery and before the class certification motion, or during the "merits" discovery. For the reasons discussed below, the

Court finds this discovery should take place during the "class" discovery; thus, defendant Nyko's motion to compel inspection and testing should be granted.

■ As this Court has recently noted, "[t]he party seeking [class] certification bears the burden of showing that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b) have been met.'" *Hill,* 242 F.R.D. at 562 (quoting *Dukes v. Wal–Mart, Inc.,* 474 F.3d 1214, 1224 (9th Cir.2007) (footnote omitted)). "In showing that each of the four requirements of Rule 23(a) have been met, plaintiff must establish numerosity, commonality, typicality, and adequate representation." [1] *Id.*

■ Here, defendant Nyko's examination and testing of plaintiff's Intercooler 360 and Xbox 360 and will assist defendant Nyko in addressing whether "the claims or defenses of the representative parties [are] typical of the claims or defenses of the class," Fed. R.Civ.P. 23(a)(3), or whether typicality exists. "'The test of typicality is whether other [class] members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff [ ], and whether other class members have been injured by the same conduct.'" *Dukes,* 474 F.3d at 1232 (quoting *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992) (internal quotation omitted in original)). The requirement of "typicality focuses on the relationship of facts and issues between the class and its representative [ ]." *Id.* at 1232 n. 10 (citation omitted). Further, the named plaintiff seeking to represent the class must have a "personal stake" in the outcome of the litigation or must be able to prove actual injury to himself.[2] *O'Shea v. Little-*

---

1. Under Rule 23,

 [a] district court may certify a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). [¶] The district court must also find that at least one of the following three conditions are satisfied: (1) the prosecution of separate actions would create a risk of:
 (a) inconsistent or varying adjudications or (b) individual adjudications dispositive of the in-

 terests of other members not a party to those adjudications;
 (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or
 (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. See Fed.R.Civ.P. 23(b). *Dukes,* 474 F.3d at 1224.

2. This requirement is sometimes confused with the basic requirement that a plaintiff must have standing to sue, or that a plaintiff must allege

*ton*, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974). For all these reasons, defendant Nyko's inspection and testing of plaintiff's Intercooler 360 and Xbox 360 addresses whether plaintiff's claims in his First Amended Complaint are typical of the claims of the class plaintiff seeks to represent. Fed.R.Civ.P. 23(a)(3). Thus, defendant Nyko's motion to compel should be granted.

### ORDER

Defendant Nyko's motion to compel plaintiff to produce his Intercooler 360 and Xbox 360 for inspection and testing **is granted,** and plaintiff shall produce his Intercooler 360 and Xbox 360 to defendant Nyko, no later than ten (10) days from the date of this Order. Plaintiff may, if he chooses, have an expert witness present while defendant Nyko or someone acting on defendant Nyko's behalf inspects and tests the Intercooler 360 and Xbox 360.

and show he has personally been injured. *See, e.g., Lewis v. Casey,* 518 U.S. 343, 349, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 606 (1996); *Yniguez v.* *Arizonans for Official English,* 118 F.3d 667, 670 (9th Cir.1997).